JOURNAL ENTRY AND OPINION
Defendant Alex Hassan appeals from his convictions for preparation of heroin for sale, with a juvenile vicinity sentencing enhancement, and possession of heroin. For the reasons set forth below, we affirm in part, reverse in part, and remand for resentencing.
On November 4, 1999, defendant was indicted for preparation of heroin for shipment with a specification that the offense was committed within the view of a juvenile, and possession of one gram or less of heroin. Defendant pleaded not guilty[1] and the matter proceeded to a jury trial on March 31, 2000.
The state's evidence demonstrated that during the afternoon of July 7, 1999, Cleveland Police Det. Richard Milligan and his partner were conducting undercover surveillance at West 32nd and Walton in response to complaints of drug activity. Det. Milligan observed defendant operating a blue Buick Regal. Defendant then waved at a male who was standing on the corner. Defendant exited his vehicle and had a discussion with the male, who was later identified as Justo Pratts. Pratts handed defendant blue packets which appeared, to the detective, to be drugs and defendant handed Pratts money. Defendant placed the packets in his car and Pratts and defendant were subsequently arrested.
Det. Milligan testified that ten blue packets were recovered from defendant's vehicle and submitted to the Scientific Investigative Unit. The parties stipulated that the packets constituted ten units of heroin, a Schedule I drug, and had a total weight of .3 grams.
Cleveland Police Detective Christina Cottom testified that she and her partner were working in tandem with Milligan. They parked in the rear of a supermarket at Walton and Clark Avenue and received a call to assist in an arrest. She further testified that she retrieved a bundle of suspected heroin. With regard to Pratts' age, Det. Cottom testified as follows:
 There was some discrepancy when I was interviewing Justo Pratts as to his age. He couldn't quite get his date of birth right. And at that time members of his family were walking down the street and he was in the back of my car and he yelled to them. I asked him who that was and he said it was his sister and his aunt. We were able to talk to them, explain to them what was going on and establish that he was a juvenile and that he was only 17.
 So, once I did that, I questioned him about where he got this ID from and he stated that he purchased it from a woman at the Ohio Bureau of Motor Vehicles so that he could get into clubs. So I said so you are a juvenile and he said yes.
Det. Cottom also established that Det. Walker, who did not testify at trial, removed the drugs from the scene but she stated that the packets were in the same condition as they appeared on July 7, 1999.
Defendant was convicted of both charges. The trial court sentenced defendant to eighteen months incarceration on the preparation for sale charge, concurrent to twelve months incarcerationon the possession charge. Defendant now appeals and assigns three errors for our review.
Defendant's first assignment of error states:
 THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF THE ENHANCED CRIME OF PREPARATION OF DRUGS FOR SALE, IN VIOLATION OF R.C. 2925.07, WITH A JUVENILE VICINITY SPECIFICATION.
Within this assignment of error, defendant contends that there is insufficient evidence to support his conviction for preparation of drugs for sale, within the vicinity of a juvenile. Specifically, defendant complains that the state presented insufficient evidence concerning Pratts' age.
With regard to procedure, we note in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, the Court described as follows the role of the appellate court in reviewing a challenge to the sufficiency of the evidence supporting a conviction:
 An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520.
We further note that R.C. 2925.07 Preparation of Drugs for Sale, provides in relevant part as follows:
 (A) No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance.
* * *
 (6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of preparation of heroin for sale. The penalty for the offense shall be determined as follows:
* * *
 (b) Except as otherwise provided in division (C)(6)(c) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, preparation of heroin for sale is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term upon the offender.
Thus, the "juvenile specification" ordinarily increases the degree of the crime committed and, accordingly, the attendant penalty. See R.C. 2925.75(A). State v. Hernandez (Feb. 24, 2000), Cuyahoga App. No. 74757, unreported. It must therefore be proved by the state beyond a reasonable doubt. Cf. State v. Allen (1987), 29 Ohio St.3d 53, syllabus.
In this instance, the state's evidence demonstrated that defendant purchased ten unit doses of heroin following a brief interaction with Pratts. Defendant was arrested shortly after obtaining the heroin. There was simply no evidence from which a rational trier of fact could conclude beyond a reasonable doubt that defendant prepared it for shipment, shipped it, transported it, delivered it, prepared it for distribution, or distributed it. Further, in light of the admitted dispute concerning Pratts' age, and the lack of evidence as to this point, a rational trier of fact could not have found this essential element of the crime proven beyond a reasonable doubt.
This assignment of error is well-taken and defendant's conviction pursuant to R.C. 2925.07 is hereby reversed.
Defendant's second assignment of error states:
 APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant next asserts that his convictions are against the manifest weight of the evidence.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10.
In this instance, defendant complains that the convictions are against the weight of the evidence because the state did not establish the chain of custody of the drugs and because the version of events put forth by the state was not credible.
With regard to the state's failure to establish the chain of custody, we note that evidence may be authenticated by testimony that a matter is what it is claimed to be. Evid.R. 901(B)(1). The state has the burden of establishing the chain of custody of a specific piece of evidence, but its burden is not absolute since the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur. State v. Brown (1995), 107 Ohio App.3d 194, 200, citing State v. Blevins (1987), 36 Ohio App.3d 147, 150, any breaks in the chain of custody go to the weight of the evidence, not its admissibility. Id.; Nwabara v. Willacy (1999), 135 Ohio St.3d 120, 134.
Here, the state's evidence established that it is reasonably certain that substitution, alteration or tampering did not occur. Further, the state presented credible, reliable evidence of defendant's guilt and we cannot say that the jury lost its way in convicting defendant of the offenses.
The second assignment of error is without merit.
Defendant's third assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. 2929.14(C) WHERE IT FAILED TO MAKE PROPER FINDINGS REQUIRED BY LAW.
Here, defendant asserts that the trial court failed to make the statutorily required findings before imposing the maximum prison terms for the offenses of which he was convicted. This claim is well-taken.
As noted previously, defendant was convicted of possession of heroin, a fifth degree felony and R.C. 2929.13(B) applies in determining whether prison is warranted. See R.C. 2925.11(C)(6)(1)(a).
R.C. 2929.13(B) provides that in determining the sentence, the trial court shall consider whether, inter alia, the offender has previously served a prison term.
R.C. 2929.13(C) in turn provides the sentencing court with discretion to impose a sentence of imprisonment or community control sanctions in accordance with the overriding purposes of sentencing: the protection of the public and the punishment of the offender. To this end the sentencing court is to determine the relative seriousness of the offender's conduct, guided by the factors listed in R.C. 2929.12 (B) and (C), and the likelihood that the offender will commit additional offenses, guided by the factors listed in R.C. 2929.12(D) and (E). See, R.C. 2929.12(A).
Further, the Ohio Supreme Court has held that the trial court need not use specific language on the record to demonstrate the required consideration of the applicable seriousness and recidivism factors in R.C. 2929.12. State v. Arnett (2000), 88 Ohio St.3d 208, 215.
Thereafter, in the event that the court concludes that a prison term is an appropriate punishment, the court must then turn to R.C. 2929.14 to determine the length of the sentence. Finally, we note that R.C.2929.19(B)(2) provides:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
R.C. 2929.19(B)(2). Cf. State v. Edmonson (1999), 86 Ohio St.3d 324,326.
In order to properly impose the maximum sentence, the court must find that the defendant meets one of four criteria. See R.C. 2929.14(C).
 "The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
R.C. 2929.14(C). (Emphasis added).
In this instance, the trial court noted defendant's extensive criminal history before sentencing him to incarceration on the instant offenses. The trial court then sentenced defendant to the maximum terms and stated in relevant part, as follows:
 The court finds that you are a committed felon, that you are not interested in rehabilitation and you have taken quite enough time of the social services this community has to offer. You present a risk of harm to the community. I find drug trafficking to be a form of organized criminal activity. You are a menace to our neighborhood and are making them unfit for descent people to live in; therefore, you are sentenced to the maximum term of incarceration of 18 months in LCI. By law there is a mandatory imposition of a fine of $5,000 and there's a mandatory driver's license suspension of six months.
 The court finds with regard to the second count of the indictment there was not a separate animus for that offense so you are sentenced to 12 months incarceration, the time to run concurrently to the time imposed under count number 1. I decline to impose a second fine on that case as well as I decline to impose additional driver's license suspension.
(Tr. 192-193).
In State v. Trembly (2000), 137 Ohio App.3d 134, this court considered the imposition of a maximum sentence under similar circumstances and concluded that the trial court must make explicit findings before imposing the maximum sentence. In Trembly we stated:
 While the trial court did touch upon a number of reasons for the ultimate sentence in this case; i.e., extensive criminal record, history of illegal drug use, it is apparent that the trial court failed to make the explicit findings required by R.C. 2929.14(C) for imposition of the maximum sentence. Specifically, the trial court failed to find that: (1)defendant-appellant committed the worst form of the crime * * *; or (2)defendant-appellant posed the greatest likelihood of committing future crimes. State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; State v. Brooks, 1998 Ohio App. LEXIS 5325 (Nov. 5, 1998), Cuyahoga App. No. 74382, unreported.
Likewise, in this instance, the trial court acknowledged defendant's extensive record but did not actually find that defendant posed the greatest likelihood of committing future crimes and did not make any other statutory finding in support of the maximum sentence. This assignment of error is therefore well-taken and we reverse defendant's sentence and remand the matter for resentencing.
Defendant's conviction pursuant to R.C. 2925.07 is reversed, his conviction for possession pursuant to R.C. 2925.11 is affirmed, the sentence is vacated, and the matter is remanded for resentencing.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________ ANN DYKE, J.:
DIANE KARPINSKI, A.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] On February 1, 2000, defendant entered a guilty plea to the preparation for sale charge and the remaining charge was dismissed. Thereafter, the trial court permitted defendant to withdraw his plea and the matter proceeded to a jury trial.