The STATE of Ohio, Appellee,

v.

BROWN, Appellant. (Two Cases.)

[Cite as *State v. Brown* (1995), 107 Ohio App.3d 194.]

Court of Appeals of Ohio,
Third District, Allen County.

Nos. 1–95–26, 1–95–27.

Decided Oct. 31, 1995.

**196**

*David E. Bowers*, Allen County Prosecuting Attorney, and *Jana E. Emerick*, Assistant Prosecuting Attorney, for appellee.

*Craig M. Linnon*, for appellant.

HADLEY, Judge.

Defendant-appellant, Calipe Brown, appeals from the judgment entries of conviction and sentencing in the Allen County Court of Common Pleas.

On December 16, 1994, the grand jury indicted appellant on four counts: count one, selling cocaine in violation of R.C. 2925.03(A)(1); counts two and three, selling cocaine in an amount equal to or exceeding the bulk amount in violation of R.C. 2925.03(A)(5); and count four, possessing cocaine in an amount equal to or exceeding the bulk amount in violation of R.C. 2925.03(A)(6). Counts three and four contained firearm specifications pursuant to R.C. 2941.141(A). In accordance with R.C. 2925.42, count four also contained a specification subjecting appellant's property, namely $5,871, to criminal forfeiture.

A jury trial was scheduled for January 31, 1995. Appellant failed to appear and the trial court issued a bench warrant for his arrest on the same day. On March 16, 1995, appellant was indicted for failure to appear in violation of R.C. 2937.29 and possessing cocaine in violation of R.C. 2925.11(A). Thereafter, appellant waived his right to a jury trial and the two cases, representing the first and second indictments, were consolidated for trial. A trial was held on April 4 and 5, 1995. At trial, appellant moved for acquittal on counts one through four, represented by the initial indictment. The motion was overruled except for the

firearm specification set forth in count three, which was dismissed for lack of evidence. The trial court found appellant guilty on all six counts, including the firearm specification and criminal forfeiture in count four. The trial court's judgment entries of conviction and sentencing were filed on April 6, 1995. Subsequently, appellant moved for consolidation of these cases for this appeal. This court granted the motion on June 14, 1995.

It is from the trial court's April 6, 1995 judgment entry that appellant raises the following assignments of error.[1]

### Assignment of Error No. 1

"The trial court erred in denying defendant/appellant Calipe Brown's motion for acquittal as to count[s] 1, 2, 3, and 4 (Case No. CR94 11 0455) at the close of the state's case because the evidence presented was insufficient to sustain a conviction of the charges presented by the state."

In his first assignment of error, appellant specifically points to the informant's testimony and maintains that it was error to base his convictions on such evidence.

Appellant's contentions regarding each count will be addressed accordingly; however, we note that appellant has raised separate assignments of error with regard to the admission of the drug exhibits pertinent to counts one and two and the firearm specification and bulk amount in count four. Briefly, we find no error in the trial court's determination concerning those issues, but we will discuss those matters *infra* in appellant's second, third, and fourth assignments of error.

As set forth in Crim.R. 29(A), a trial court shall grant a defendant's motion for acquittal "if the evidence is insufficient to sustain a conviction." Nonetheless, a trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

In contemplating such a motion, the trial court must view the evidence in a manner "most favorable" to the state. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689, 691.

R.C. 2925.03 provides:

"(A) No person shall knowingly do any of the following:

---

1. We note that appellant raises no assignments of error which relate to case number 1–95–27 which involves his convictions of failure to appear and possession of cocaine.

"(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount;

" * * *

"(5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;

"(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount[.]"

Furthermore, R.C. 2925.01(E)(1) defines bulk amount of a controlled substance as "[a]n amount equal to or exceeding ten grams or twenty-five unit doses of a compound, mixture, preparation, or substance that is or contains any amount of * * * cocaine."

Initially, we note that counts one, two, and three were the result of controlled buys, which involve the informant being searched prior to and after the buy, an electronic, voice transmitting, surveillance device being installed on the informant, and visual surveillance of the informant before and after the purchase.

In count one, appellant was indicted for knowingly selling cocaine on or about September 15, 1994 in violation of R.C. 2925.03(A)(1). The record demonstrates that the informant went to appellant's house, laid money on the table, and purchased the cocaine. Appellant gave the informant change from the $200 the informant had placed on the table. The informant further testified that the price was previously set by appellant and another individual. Investigators testified as to the events which occurred on September 15, including surveillance of the informant entering and exiting appellant's home, retrieving the drugs from the informant, and marking and identifying the drugs. The tape from the electronic surveillance was apparently muffled in parts; however, the informant testified that he recognized both his own voice and that of appellant. Additionally, appellant identified his own voice. Finally, the chemist identified the material as cocaine, a controlled substance.

Count two of the indictment charged appellant with selling cocaine in violation of R.C. 2925.03(A)(5). The informant testified that he found appellant at another residence and walked with him and other individuals to appellant's home. Although a tape regarding the conversation which took place before arrival at appellant's home can only be understood in part, according to an investigator, it included conversation regarding "a quarter." [2] At appellant's home, the informant produced the money, and appellant retrieved a powder substance. Appel-

---

2. Apparently, this refers to a quantity of drugs.

lant then "cooked it up." Thereafter, the informant placed it in a bag and left the residence. Again, investigators testified to the procedure regarding the informant's purchase and observation of the informant prior to and after the buy. The chemist again testified to the identification and weight of the cocaine.

As to count three, appellant was again indicted for selling cocaine on October 27, 1994 in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount. The informant stated that he went to appellant's home. Both men went into the kitchen, and then appellant went to the basement and returned with drugs which were in block form. The informant gave appellant money and appellant broke pieces off the block and placed them on a scale. The informant placed them in a bag and left the home. Testimony also included investigators' observation of the appellant before and after the buy as well as the procedures of retrieving and identifying the drugs. The chemist's testing indicated that the substance was cocaine with a weight of 10.3 grams.

Count four was the result of an executed search warrant, at appellant's residence, which followed the third buy. Appellant was charged with possession of cocaine in amount equal to or exceeding the bulk amount. The record shows that cocaine and a pocket scale were found in the kitchen drawer. Crack was also found inside a purse in the bedroom closet after appellant's girlfriend told police that appellant sometimes kept drugs in that location. Some of the money found in the home matched that which the informant earlier used to purchase the cocaine. There was also evidence presented identifying the home and bedroom as appellant's. Lastly, the chemist identified the substances found as cocaine weighing a total of 33.9 grams.

Based on this, as well as the rest of the record, we cannot find that the trial court erred in denying appellant's motion for acquittal regarding counts one, two, three, or four. Appellant's first assignment of error, therefore, is overruled.

### Assignment of Error No. 2

"The trial court committed reversible error when the court admitted into evidence the cocaine."

Appellant maintains that the trial court erred in admitting into evidence state's exhibits one and five, in reference to count one and two, respectively. Specifically, appellant asserts that the state failed to show a chain of custody in order to authenticate or identify the two exhibits. In addition, appellant contends that the informant failed to authenticate or identify the exhibits.

Evid.R. 901 provides, in pertinent part:

"(A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Chain of custody is a part of the authentication and identification mandate set forth in Evid.R. 901, and the state has the burden of establishing the chain of custody of a specific piece of evidence. *State v. Barzacchini* (1994), 96 Ohio App.3d 440, 457–458, 645 N.E.2d 137, 148. The state's burden, however, is not absolute since "[t]he state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur." *State v. Blevins* (1987), 36 Ohio App.3d 147, 150, 521 N.E.2d 1105, 1109. Thus, even if a chain of custody is broken, it goes to the weight afforded the evidence, not its admissibility. *Id.*

In *State v. McFarland* (Jan. 15, 1993), Muskingum App. No. CA–92–7, unreported, 1993 WL 35329, a defendant convicted on various drug trafficking offenses asserted that the failure of an informant to identify a bag of drugs resulted in a break in the chain of custody. The reviewing court rejected this contention since the exhibit was "sufficiently identified" by detectives and a scientist. See, also, *State v. Frye* (Oct. 21, 1992), Union App. No. 14–92–3, unreported, 1992 WL 303120 (finding that the testimony of a detective and BCI chemist established the chain of custody).

In the instant case, the testimony reveals the following circumstances surrounding exhibits one and five. Prior to both purchases, the informant was searched to determine if he had any drugs, money or weapons on his person. None were found. After each buy, the informant was observed leaving appellant's residence. Thereafter, the informant met with the investigators and turned over the drugs. Each time, in the presence of an investigator, the informant marked the item with his informant number. An investigator then marked the bag and envelope. Subsequently, each exhibit was received by the Bureau of Criminal Investigations Lab. The chemist who examined the substances testified that he received the sealed envelope, analyzed the substances, and marked them for identification.

Based on this, as well as the rest of the record, we cannot find that the trial court erred in admitting exhibits one and five into evidence. This assignment of error is overruled.

### Assignment of Error No. 3

"The trial court erred in failing to grant defendant/appellant Calipe Brown's motion for acquittal on the firearm specification in count 4, Case No. CR94 11 0455, in that the State of Ohio failed to introduce sufficient evidence to prove that Mr. Brown had a firearm on or about his person or under his control during the commission of the offense."

Appellant points to the locations of himself and the gun, *i.e.,* he was lying on the couch in the living room and the gun was found between the mattress and box spring of the bed in the bedroom, to support his argument that the gun was not about his person or under his control.

A firearm specification can be included in a count or indictment if the offender has "a firearm on or about his person or under his control while committing a felony." R.C. 2941.141(A). R.C. 2929.71(A)(2) allows a trial court to impose an additional three years of actual incarceration for an offender convicted of a firearm specification. The statute contains no requirement that "the firearm be *used* in the commission of the felony, or that the defendant acquire the firearm before beginning the crime; all that is necessary is that the defendant have the firearm * * * under his control at some point during the commission of the crime." *State v. Powell* (1991), 59 Ohio St.3d 62, 63, 571 N.E.2d 125, 127.

Thus, the statute's purpose is "to deter and punish both the use and possession of firearms by people who commit crimes." *Id.*

Regarding count four, appellant was found guilty of possessing cocaine with a firearm specification on or about October 27, 1994. The testimony indicates that upon execution of a search warrant, one of the officers found a loaded, operable nine-millimeter handgun under the mattress in the bedroom. Evidence also showed that appellant lived at the residence and the bedroom, where the gun, a nine-millimeter magazine, and some of the drugs and money were located, was appellant's bedroom. Appellant's ownership of the gun is further established by testimony indicating that appellant had a nine-millimeter gun in his possession on a previous occasion and, when the gun was found, appellant's girlfriend indicated she had been struck with it a couple of weeks before.

Although there was some discrepancy regarding the distance between appellant, who was located on the couch at the time of arrest, and the gun's location, an investigator, who was one of the entry officers, testified that the distance was ten to twelve feet. He further testified that he believed the gun posed a threat to officers since the distance could be traveled in less than a second.

Based upon the standard for reviewing a motion for acquittal and *State v. Powell, supra,* we cannot find that the trial court erred in denying appellant's motion for acquittal regarding the gun specification as there was evidence, if believed, to show appellant's control of the gun at some point during his possession of drugs. Appellant's third assignment of error is overruled.

### Assignment of Error No. 4

"The trial court erred in denying defendant/appellant Calipe Brown's motion for acquittal on count 4, Case No. 94 11 0455, in that the State of Ohio failed to

introduce sufficient evidence that Mr. Brown possessed a controlled substance in an amount equal to or exceeding three times bulk amount."

 Appellant submits that the trial court erred in finding that the total weight in Exhibits 16 and 17(A) was over three times the bulk amount. Appellant admits that Exhibit 17(A) contained 18.1 grams of cocaine. He, however, maintains that Exhibit 16 contained less than one tenth of a gram of cocaine, the remaining substance being procaine, not a controlled substance. Appellant further asserts that Exhibit 16 was contaminated by the investigator's pocket-knife, since he did not wash it off with alcohol or a cleaning substance. Appellant also points to the chemist's testimony in support of this contention.

Again, we utilize the standard previously set forth to determine whether the trial court erred in denying appellant's motion for acquittal. Furthermore, as stated above, R.C. 2925.01(E)(1) defines bulk amount of a controlled substance as "[a]n amount equal to or exceeding ten grams * * * of a compound, mixture, preparation, or substance that is or contains any amount of * * * cocaine."

In *State v. Neal* (June 29, 1990), Hancock App. No. 5–89–6, unreported, 1990 WL 88804, this court interpreted the definition of bulk amount and found that "the content or purity of cocaine is immaterial so long as there is *any amount* of cocaine in the compound or substance." In reviewing this issue, we reaffirm this definition as the statute clearly indicates that any amount of cocaine is sufficient.

In the instant case, the chemist, when asked how many grams of cocaine were in Exhibit 16, responded:

"Less than a tenth of a gram. It would be like, you know, you've got your cut and somebody took their spoon and stuck it in there and pulled it out and then contaminated the cutting agent."

The record shows that an investigator tested the substance with the tip of a pocketknife. Although the investigator admitted that he did not use alcohol or a cleaning substance, he stated that he always wiped off his knife. The investigator also testified that when he removed the sample from the bag with his pocketknife and tested it in his kit, there was "no color indication which would confirm that it had cocaine present." Thus, the investigator sent it to the lab.

Furthermore, the chemist testified that Exhibit 17(A) was "nearly pure crack cocaine" and weighed 18.1 grams. He further testified that Exhibit 16 contained "[l]ess than a tenth of a gram" of cocaine and weighed 15.8 grams. According to his testimony, the remaining substance was procaine, which is "an additive to expand the quantity of a substance" but not a controlled substance. The two exhibits weighed a total of 33.9 grams.

Upon our review of the record, we find that there was evidence, if believed, to establish that appellant possessed a controlled substance in an amount equal to or exceeding three times bulk amount. The trial court, therefore, did not err in denying appellant's motion for acquittal regarding this element. Appellant's fourth assignment of error is overruled.

Having found no error prejudicial to appellant, the judgments of the Allen County Court of Common Pleas are affirmed.

*Judgments affirmed.*

THOMAS J. BRYANT, P.J., and EVANS, J., concur.