Defendant-appellant Daniel Wheary appeals from his bench trial conviction for knowingly obtaining, possessing, or using .36 grams of crack cocaine.
Cleveland Police Detective John Pitts testified for the prosecution at trial. He stated that the police received a call on October 14, 1997 that a person dressed in black clothing was selling illegal drugs outside a house near the corner of West 90th Street and Denison Avenue in the City of Cleveland. The activity had gone on all day. After the telephone call, Detective Pitts went to the scene in plain clothes and watched the activity from outside a Convenient store.
Pitts stated that he observed defendant twice engage in what appeared to him to be drug sales. On each occasion, defendant took something out of his mouth and handed it to pedestrians who would quickly walk away. After doing this twice, defendant pulled something from an opening between wooden risers on the steps to the house. From a distance, the object "looked like some sort of plastic baggie because the sun was reflecting off it." Defendant then put something in his mouth, put the object back between the wooden risers, and walked down the street and out of sight.
Pitts walked over to the steps and removed the object from the opening between the wooden risers of the steps. It was a "cigarette wrapper" or "cellophane baggie" with four rocks of crack cocaine in it. Pitts called two of his partners to stop defendant whom they found walking nearby several minutes later. The officers arrested defendant and read him his Miranda rights.
Defendant stated "I just bought some doub to sell. It was my first day selling." Pitts stated that the term "doub" was used by crack dealers to refer to a method of selling crack cocaine. The dealer would buy an amount of crack cocaine "wholesale" and resell it to individual buyers for double that price at "retail."
On cross-examination by defense counsel, Pitts stated that the house at which he observed the activity was three lots away and across a four-lane street from the Convenient store where he conducted the surveillance. Moreover, when defendant was arrested, he had no drugs in his mouth and only $10 in his possession.
After the trial court denied defendant's motion for judgment of acquittal, the defense presented testimony from defendant and his girlfriend. Beckie Hupp testified that she was with defendant the entire day, except for the time when he was arrested. She stated that defendant's mother came by before his arrest and gave him some money to buy cigarettes.
Defendant testified that he woke up late in the afternoon, met his mother, and was headed to the store for milk and cigarettes when he was arrested. The officers searched him for drugs but found nothing. Defendant stated the officers told him they would let him go if he told them what he knew, but he had no idea what they were talking about. Defendant stated there were large trees between the house where he allegedly sold cocaine and the Convenient store, so that Pitts could not have physically seen what he claimed he saw.
On cross-examination, defendant admitted that he had four prior convictions relating to receiving stolen property and a fifth offense for aggravated riot. Defendant stated that he purchased the stolen property from his cousin without knowing that it was stolen. He admitted to the offenses because he possessed the property. He emphatically denied, however, that he committed the drug offense he was charged with in the case at bar.
Following closing arguments, the trial court found defendant guilty as charged. The court stated that it believed the testimony of Detective Pitts and did not believe defendant's denials. The court also stated that it found contradictions between the testimony of defendant and his girlfriend concerning the timing of the events. The trial court ultimately sentenced defendant to imprisonment for six months on his conviction.
Defendant's first and second assignments of error follow:
 I. DEFENDANT WAS DENIED A FAIR AND JUST TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE PROSECUTION FAILED TO ESTABLISH ALL THE ELEMENTS OF THE CRIME FOR PURPOSES OF CONVICTION.
 II. DEFENDANT'S RIGHTS UNDER ARTICLE I, SECTION 16
OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HE WAS IMPROPERLY DENIED A CRIM.R. 29 ACQUITTAL WHEN HIS CONVICTIQN WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
These assignments lack merit.
Defendant contends the prosecution failed to present sufficient evidence to support his bench trial conviction for drug abuse beyond a reasonable doubt. He contends that the prosecution did not present evidence to show the chain of custody for the drugs recovered from him.
The Ohio Supreme Court summarized the standard governing claims that a conviction is not based on sufficient evidence in State v.Jenks (1991), 61 Ohio St.3d 259, as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id. at syllabus paragraph two. After viewing the evidence in the light most favorable to the prosecution in accordance with this standard, we conclude the trial judge could properly find the essential elements of the crime proven beyond a reasonable doubt.
Defendant was charged with knowingly obtaining, possessing, or using .36 grams of crack cocaine in violation of R.C. 2925.11. The prosecution presented evidence that defendant had a hidden drug stash and was observed, and admittedly engaged in, making illegal drug sales. The police responded to a citizen's complaint about defendant's brazen drug selling. Defendant stipulated to the admissibility of the forensic report which identified the drugs taken from his stash as .36 grams of crack cocaine. When viewed in the light most favorable to the prosecution, this evidence was abundantly sufficient to support the charge. Specifically, contrary to his argument, there was enough evidence that defendant "possessed" the cocaine found where he hid it in the opening between the steps.
Defendant complains for the first time on appeal that the prosecution did not establish a proper chain of custody for the drugs taken from the scene. Defendant waived this claim, however, by not timely raising it in the trial court. State v. Awan
(1986), 22 Ohio St.3d 120, 122. In any event, the prosecution need only establish it is reasonably certain that no substitution, altering, or tampering occurred to the drugs as in the case at bar. The forensic report identified the crack taken from defendant as that in the sealed, tamper-proof bag marked by the detectives after his arrest. Finally, even if the chain of custody were broken as defendant contends, such a defect would go to the weight rather than the admissibility of the evidence.State v. Mays (1996), 108 Ohio App.3d 598, 618; State v. Brown
(1995), 107 Ohio App.3d 194, 200.
Accordingly, defendant's first and second assignments of error are overruled.
Defendant's third assignment of error follows:
 DEFENDANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
This assignment lacks merit.
Defendant argues that trial counsel was ineffective because he (1) did not challenge Detective Pitts' expertise as a drug agent, (2) did not "establish the exact location of Officer Pitts in relation to the drug house Wheary allegedly was operating from," (3) did not object or seek to suppress the drugs because of an incomplete chain of custody, or (4) did not seek to suppress defendant's statement to the police. After reviewing the record, we find that defendant failed to show deficient performance by counsel or that any prejudice resulted from inadequate representation. Each claim lacks merit.
Pitts stated during his testimony that before catching defendant in the act of selling drugs in this case Pitts had seven months experience as a drug agent. Contrary to defendant's argument, the record was adequately developed to evaluate this "expertise." Defense counsel attempted to cast doubt on Pitts' testimony by eliciting information concerning the distance between the two during the drug sales. Moreover, defendant testified about trees between defendant and Pitts at the time of the alleged sale. To provide competent assistance to defendant, trial counsel was not required to establish Pitts' "exact location." This case was tried to the bench and counsel's goal during cross-examination was obvious without further detailed elaboration.
Defense counsel was also not ineffective by failing to object or to seek to suppress the drugs taken from defendant's stash. As noted above, contrary to defendant's argument, the record contains no indication of any break in the chain of custody. Pitts sufficiently identified the drugs taken from defendant as those in the marked sealed tamper proof bag presented at trial. Any defect in the chain of custody, moreover, would have gone only to the weight rather than the admissibility of the evidence. See id.
Counsel is not defective for failing to raise a futile objection, and defendant has shown no prejudice in the case at bar.
Finally, defendant has shown no basis to suppress the admission he made to the police following his arrest and after he wasMirandized. To date, even with hindsight and months of time to arrive at a theory, appellate counsel has not offered any reason to suppress defendant's admission. Contrary to defendant's argument, trial counsel is not required to assert unfounded claims to suppress evidence.
Accordingly, defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and PATRICIA A. BLACKMON, J., CONCUR.
 _________________________________ DIANE KARPINSKI PRESIDING JUDGE