JOURNAL ENTRY AND OPINION
Defendant-appellant Donald King, Jr. appeals from his conviction for possession of crack cocaine, in the amount of one gram or less, in violation of R.C. 2925.11. The appellant was placed on community control sanctions for two years. On August 27, 1999, Cleveland Police Officer Cynthia Hall and her partner, Officer Christopher Eaton, along with Officer Robert Ware and his partner Officer Greg Colon, arrested four[1]
men on a porch located on East 59th Street in Cleveland. The officers were patrolling the neighborhood because there had been numerous complaints of criminal activity. Officer Hall observed the appellant, who was on the porch with the other men, pull something from his pocket and toss it to the side. From the moment Officer Hall observed the appellant fidgeting on the porch, she kept her eyes focused on him. The officers proceeded to summit the porch and the appellant was arrested by Officer Hall.
Cleveland Police Officer Christopher Eaton corroborated the testimony of his partner stating that while in the patrol car he heard Officer Hall exclaim that one of the men on the porch threw something. The men on the porch were detained and Officer Eaton observed Officer Hall retrieve the rocks of cocaine. The rocks of crack cocaine were identified by Officer Hall during her testimony. She stated that after she secured the appellant, she picked up the rocks which she had seen him throw to the side of the porch.
After retrieving the cocaine, Officer Hall placed the rocks in a little container and placed them in her pocket (T. 28). At some point she handed the cocaine to either Officer Ware or Officer Colon (T. 14). Officer Hall does not know who placed the cocaine in the plastic bag. The normal procedure is that drugs are marked and sealed in a plastic bag, the drugs are passed up the chain of command and conveyed to the Scientific Investigation Unit (SIU) (T. 14). In this instance the drugs tested positive as cocaine.
Cleveland Police Officer Robert Ware testified that, while he did not see the appellant actually throw cocaine, he did observe arms moving as though the suspects were trying to dispose of something. Officer Hall handed the suspected crack cocaine to him (T. 46). At the scene, he placed the cocaine in his pocket. Officer Ware believed that the cocaine was loose when it was handed to him. After he placed the drugs in the bag, he gave the bag to the officer in charge. The drugs were then transported to the SIU for testing. Officer Ware identified the cocaine by his signature and handwriting on the bag. Although the police report was written by Officer Colon, Officer Ware and he discussed the contents of the report as it was being written.[2]
The appellant asserts four assignments of error. Although each assignment contains a different issue of law, the underlying questions surround the chain of custody of the crack cocaine recovered from the porch by Officer Hall.
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION AS TO DRUG POSSESSION WHEN THE STATE FAILED TO ESTABLISH A PROPER CHAIN OF CUSTODY OVER THE DRUGS.
 THE TRIAL COURT ERRED IN ADMITTING STATE'S EXHIBIT 1 AND 1-A, WHICH WERE THE ROCKS OF COCAINE AND LAB REPORT RESPECTIVELY, WHEN THE DRUGS WERE NOT SUFFICIENTLY IDENTIFIED FOR ADMISSIBILITY.
 THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO OBJECT TO THE ADMISSION OF THE DRUGS THAT WERE NOT PROPERLY IDENTIFIED.
 THE TRIAL COURT'S DECISION FINDING THE DEFENDANT GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Turning first to the first and fourth assignments of error, we note that the Ohio Supreme Court has clarified the distinction between reviewing questions of manifest weight of the evidence and questions of sufficiency of the evidence. In State v. Thompkins (1997),78 Ohio St.3d 380, the court found that with respect to sufficiency of the evidence, in essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. at 386. In addition, a conviction based upon legally insufficient evidence is a denial of due process. Thompkins, supra, citing to Tibbs v. Florida (1982), 457 U.S. 31, 45. As Justice Cook succinctly stated in the concurrence of Thompkins, a challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. Courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.
By contrast, the Thompkins Court illuminated its test for manifest weight of the evidence by citing to Black's Law Dictionary (6 Ed. 1990) at 1594:
 Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.
 It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.
Thus, as the concurring opinion noted, when deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. The only special deference given in a manifest weight review attaches to the conclusion reached by the trier of fact. Thompkins, (Cook, J., concurring) citing to State v. DeHass (1967),10 Ohio St.2d 230.
In State v. Richey (1992), 64 Ohio St.3d 353, the Ohio Supreme Court discussed authentication of evidence and found that the requirements of Evid.R. 901(A) are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. The possibility of contamination goes to the weight of the evidence, not its admissibility. The court concluded that a strict chain of custody is not always required in order for physical evidence to be admissible. This court has held that a chain of custody may be established by direct testimony and that the issue whether or not there has been a break in the chain of custody is a question of fact. In re Lemons (1991),77 Ohio App.3d 691.
In the case sub judice, the appellee has presented sufficient evidence to support the appellant's conviction. The direct testimony of the officers involved established that the appellant tossed the cocaine while on the porch, the cocaine was recovered from the porch and placed in the custody of the arresting officer, the arresting officer gave the cocaine to a fellow officer, and that officer identified the cocaine at trial. While the testimony at trial had some inconsistencies, it was sufficient to meet the state's burden of production.
This court has also considered a case in which the defendant complained that the conviction was against the weight of the evidence because the state did not establish the chain of custody of the drugs and because the version of events put forth by the state was not credible. State v. Hassan (May 17, 2001), Cuyahoga App. No. 77946, unreported. Upon contemplating the defendant's assertion regarding the state's failure to establish the chain of custody, this court noted that the state has the burden of establishing the chain of custody of a specific piece of evidence, but its burden is not absolute since the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur. State v. Brown (1995), 107 Ohio App.3d 194, citing State v. Blevins (1987), 36 Ohio App.3d 147. As stated supra, any breaks in the chain of custody go to the weight of the evidence, not its admissibility. Blevins, supra; Nwabara v. Willacy (1999),135 Ohio App.3d 120.
In the case now before this court, the state's evidence established that it is reasonably certain that substitution, alteration or tampering did not occur. Officer Hall testified that she observed the appellant toss the cocaine, she retrieved the cocaine, placed it in a container and then gave the cocaine to one of two fellow officers. Officer Wade testified that it was to him that the cocaine was given. He verified that the bag of cocaine presented at trial was the bag he marked upon return to the police station. Given that the requirement that the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur to the cocaine, the testimony of the officers was sufficient. The state presented competent, credible, reliable evidence of defendant's guilt and therefore carried its burden of persuasion. The appellant's first and fourth assignments of error are overruled.
This court will next consider the second and third assignments of error. The appellant asserts that exhibit A, the crack cocaine, should not have been admitted as evidence at trial. The appellant argues that the drugs could not be properly identified because rocks of crack cocaine are as indistinguishable as grains of rice. Based on this reasoning, the appellant asserts also that the laboratory report, exhibit 1-A, was not relevant and should not have been admitted. In the third assignment of error the appellant asserts that he was rendered ineffective assistance of counsel by counsel's failure to object to the admission of the state's exhibits.
Where the appellant's counsel fails to object to the admission of evidence at trial, all but plain error is waived. State v. Jones (2001),91 Ohio St.3d 335; State v. Joseph (1995), 73 Ohio St.3d 450. Plain error does not exist unless, but for the error, the outcome at trial would have been different. Id.
In the matter at hand, a review of the case law clearly indicates that where the chain of custody is not complete, the issue is not one of admissibility, but rather is one of weight for the trier of fact. The trial court here heard evidence regarding the chain of custody and even though the evidence of Officer Hall and Officer Ware differ slightly in their testimony, the evidence is still clearly admissible.
Finally, this court must consider whether counsel's failure to object was so deficient that the appellant was rendered ineffective assistance of counsel. We note that the Ohio Supreme Court has held that counsel need not raise meritless issues or even all arguably meritorious issues." Jones, supra citing to State v. Taylor (1997), 78 Ohio St.3d at 31. The trial court did not err in admitting the crack cocaine as evidence and, because the evidence was admissible, counsel did not fail in representation of the appellant.
The appellant's four assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ JAMES D. SWEENEY, PRESIDING JUDGE:
PATRICIA A. BLACKMON, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The trial testimony reflects that there were either four or five men on the porch.
[2] The record also demonstrates that the police report listed four suspects. A suspect other than the appellant was designated as suspect number four, the one seen throwing the cocaine. Officer Ware testified that sometimes the report will reflect the right suspect, but assign the wrong number (T. 60). In any event, Officer Hall testified that she observed the appellant toss the cocaine.