OPINION
{¶ 1} Defendant-appellant, Gary Lee Miller, appeals his conviction in the Preble County Court of Common Pleas for having weapons under a disability.
 {¶ 2} During the course of a police investigation, a search was conducted on a camper owned by appellant. Before the search, appellant informed police that he had two guns in the camper. During the search, police discovered a .22 caliber pistol and a 12 gauge shotgun in the camper. The pistol was loaded and ammunition for both firearms was found in the camper.
 {¶ 3} Appellant, who has a prior conviction for aggravated trafficking in cocaine, was indicted for two counts of having weapons under a disability pursuant to R.C. 2923.13(A)(3). On August 24, 2001, he filed a discovery demand. Appellant specifically requested to be permitted to "inspect and copy or photograph any results or reports of * * * scientific tests or experiments made in connection with this case." The state responded on September 6, 2001 and stated that there were no results or reports of any examinations or tests.
 {¶ 4} Appellant's trial began on January 14, 2002. During opening statements, the prosecutor stated that the weapons were test-fired by a detective. Appellant objected to this statement and the objection was overruled. At a bench conference, appellant objected to any testimony regarding test firing of the firearms because no reports of the tests had been disclosed. The state responded by stating that there were no scientific tests performed on the weapons. The state argued that the detective had personally fired the firearms and should be allowed to testify from his experience that they worked. Appellant's counsel responded that "I believe only * * * a scientific test needs to be done by the State of Ohio through the crime lab, not through the officer."
 {¶ 5} The trial court overruled the objection, stating that it did not consider the firing of a gun by a detective to be a scientific test and that it did not believe defense counsel was misled by the discovery response. The trial court further stated that counsel should reasonably anticipate that someone would testify that the firearms worked and that it did not take an expert to pull a trigger and determine whether a firearm could shoot bullets.
 {¶ 6} The detective testified that he test-fired the firearms on January 11, 2002, and both the pistol and the shotgun worked. Appellant again objected to the admission of this testimony, stating that his defense would have been different if it had been disclosed that the firearms were operable. The objection was again overruled.
 {¶ 7} A jury found appellant guilty of both charges and the trial court sentenced him to six months in prison. Appellant now appeals his conviction and raises two assignments of error.
Assignment of Error No. 1
 {¶ 8} "THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT PERMITTED THE STATE TO INTRODUCE EVIDENCE REGARDING AN ELEMENT OF THE CRIME CHARGED, WHEN THE EVIDENCE OF THAT ELEMENT HAD NOT BEEN DISCLOSED PURSUANT TO CRIMINAL RULE 16."
Assignment of Error No. 2
 {¶ 9} "A TRIAL COURT COMMITS PREJUDICIAL ERROR WHEN IT ADMITS PHYSICAL EVIDENCE WHEREIN THE TESTIMONY ESTABLISHES THE CHAIN OF CUSTODY IS DEFECTIVE."
 {¶ 10} Appellant contends that the trial court should not have allowed the detective's testimony regarding test-firing the firearms because the state violated the rules of discovery. Crim.R. 16(B)(1)(c) provides that "[u]pon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial * * *."
 {¶ 11} Violations of Crim.R. 16 constitute reversible error "only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." State v. Joseph
(1995), 73 Ohio St.3d 450, 458. The granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court. State v. Shoop (1993), 87 Ohio App.3d 462, 469. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157; State v.Davis (1992), 79 Ohio App.3d 450, 454.
 {¶ 12} Despite appellant's arguments to the contrary, there is no evidence that the prosecutor's actions in this case were a willful violation of discovery rules. Instead, the evidence shows that the prosecution and defense counsel were actively involved in plea negotiations until a pretrial conference that was held only a few days before trial. After the pretrial, the prosecutor contacted the detective and, after determining that no testing had been performed, requested that the detective test-fire the weapons. The detective test-fired the weapons the Friday before trial and informed the prosecutor of that fact the morning of trial.
 {¶ 13} Furthermore, there was no written report for the prosecution to disclose. The detective's test-firing involved simply firing the guns to determine that they worked. No scientific tests or reports were completed in conjunction with the test firing. The Ninth District Court of Appeals considered this same issue under similar facts and determined that after considering the time period involved and the absence of any written tests, the trial court did not abuse its discretion in permitting the testimony. State v. Tomlin (Aug. 21, 1991), Lorain App. No. 91CA004973. We agree with this reasoning.
 {¶ 14} In addition, we find no merit to appellant's argument that he was prejudiced by the admission of the detective's testimony that the weapons worked when test-fired. Initially, we note that the fact that the weapons were operable was a fact within appellant's own knowledge. Additionally, the fact that the offenses involved a weapon should have put appellant on notice that the state would present evidence regarding the operability of the firearms. State v. Elersic, Lake App. No. 2000-L-145, 2002-Ohio-2945; State v. Marshall, Lorain App. No. 01CA007773, 2001-Ohio-7015.
 {¶ 15} Instead, defense counsel's argument regarding prejudice is based on the misconception that the state was required to produce a scientific test from a crime lab to prove that the firearms were operable and that without this evidence, the state would be unable to prove its case. Contrary to this argument, the operability of the firearms can be established by test-firing by police officers. State v. Hayward (Jan. 21, 1994), Wood App. No. 93WD009. Moreover, evidence of the test-firing of a weapon, whether written or verbal, is not required as operability can be established by circumstantial evidence. R.C. 2923.11(B)(2); Statev. Messer (1995), 107 Ohio App.3d 51, 55. In fact, the admission of a firearm itself into evidence alone has been held sufficient to prove operability. Id; State v. Paul, Cuyahoga App. No. 79596, 2002-Ohio-591.
 {¶ 16} In this case, the firearms themselves were admitted into evidence, along with testimony that the pistol was loaded and ammunition for both firearms was found nearby. Even without testimony regarding firing of the weapons, these facts alone could be sufficient to establish operability.
 {¶ 17} Finally, although appellant argued that his defense was premised upon a belief that the state would not be able to prove that the firearms were operable without scientific testing from a crime lab, he did not request a continuance when his objection to the admissibility of the evidence was overruled. See State v. Elersic, Lake App. No. 2000-L-145, 2002-Ohio-2945. Appellant objected to the admissibility of this testimony two separate times, but never requested a continuance to prepare a different defense.
 {¶ 18} Considering all of the facts and issues surrounding the admission of the detective's testimony, we find that the trial court did not abuse its discretion in allowing the detective to testify that he test-fired the firearms. Appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant contends that the trial court should not have admitted the firearms into evidence because the chain of custody was flawed. In particular, appellant argues that the evidence tags were left blank.
 {¶ 20} The chain of custody of evidence is part of the authentication and identification requirement of Evid.R. 901. State v.Brown (1995), 107 Ohio App.3d 194, 200. The state bears the burden of establishing a chain of custody. Id. However, the state's burden is not absolute because the prosecution "need only establish that it is reasonably certain that substitution, alteration or tampering did not occur." State v. Blevins (1987), 36 Ohio App.3d 147, 150. Moreover, any breaks in the chain of custody go to the weight of the evidence, not its admissibility. Brown at 200.
 {¶ 21} The detective testified that the weapons were logged into and out of a ledger book in the property room, that he signed for them in order to test-fire and bring them to court, and that he had the prosecutor sign a receipt when he brought them into court. In addition, the indictment identified the firearms by serial number, make and model, and the detective testified at trial that the guns in evidence were the weapons seized from appellant's camper.
 {¶ 22} Because the state identified the firearms and established a chain of custody, the trial court did not err in admitting them into evidence. Appellant's arguments regarding the blank evidence tags go to the weight of the evidence, not its admissibility. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.