OPINION
{¶ 1} Appellant, Lonnie L. Smith, timely appeals his three felony convictions in the fourth degree for trafficking in cocaine, a violation of R.C. § 2925.03(A)(1) and (C)(4)(c). Appellant was convicted in the Jefferson County Court of Common Pleas.
 {¶ 2} Appellant argues on appeal that he did not receive a fair trial and that he should be released from prison because the state failed to sufficiently identify the crack cocaine that was admitted into evidence. Appellant also argues that the trial court erred in issuing maximum consecutive sentences. For the following reasons, Appellant's assignments of error lack merit. However, Appellant's sentence must be vacated and remanded for resentencing pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 3} Appellant's first assignment of error asserts:
 {¶ 4} "THE TRIAL COURT ERRORED [SIC] WHEN IT ADMITTED STATE'S EXHIBITS A, B, AND C INTO EVIDENCE BECAUSE THE STATE DID NOT SUFFICIENTLY IDENTIFY THE MATERIAL CONTAINED IN SAID EXHIBITS AND THE STATE DID NOT ESTABLISH A PROPER CHAIN OF CUSTODY OF THE MATERIAL CONTAINED IN SAID EXHIBITS."
 {¶ 5} R.C. § 2925.03(A)(1) prohibits a person from knowingly selling or offering to sell a controlled substance. If the transaction involved the sale of more than one gram, but less than five grams of crack cocaine, then the offense is a felony of the fourth degree. R.C. § 2925.03(C)(4)(c).
 {¶ 6} Appellant argues in his first assignment of error that the crack cocaine was impermissibly admitted at his trial since this evidence lacked a proper foundation and chain of custody. Appellant argues that the state's exhibits A, B, and C should have been excluded since the agent who identified the exhibits testified that they were not in substantially the same condition at the time of trial.
 {¶ 7} The admission or exclusion of relevant evidence generally rests with the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. Therefore, a reviewing court should not disturb a trial court's evidentiary ruling unless it finds an abuse of discretion. Statev. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. An abuse of discretion connotes more than an error of law or judgment; it is an unreasonable, arbitrary, or unconscionable decision. Id.
 {¶ 8} Evid.R. 901(A) provides, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Further, testimony by a witness with knowledge, "that a matter is what it is claimed to be," is an acceptable method of authentication. Evid.R. 901(B)(1).
 {¶ 9} The chain of custody is part of the authentication and identification requirement in Evid.R. 901. State v. Brown
(1995), 107 Ohio App.3d 194, 200, 668 N.E.2d 514. The prosecution bears the burden of establishing a proper chain of custody.State v. Moore (1973), 47 Ohio App.2d 181, 183, 353 N.E.2d 866. However, the state has no duty to eliminate every possibility that tampering or substitution occurred. Id. The state must only show that it is reasonably certain that a substitution, tampering, or alteration did not occur. Id.
 {¶ 10} Chain of custody can be established by direct testimony or by inference. State v. Conley (1971),32 Ohio App.2d 54, 60, 288 N.E.2d 296. The issue as to whether there is a break in the chain of custody is a determination left to the jury. Columbus v. Marks (1963), 118 Ohio App. 359,194 N.E.2d 791. Any breaks in the chain of custody go to the weight afforded to the evidence, not to its admissibility. Id; State v. Mays
(1996), 108 Ohio App.3d 598, 671 N.E.2d 553.
 {¶ 11} The record in this matter reveals that Appellant was arrested following three controlled purchases of crack cocaine in July of 2003. The Steubenville Police Department ("SPD") was working in conjunction with Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents and with an undercover confidential informant, who was being monitored and was equipped with an audio transmitter. The informant was provided government funds on three separate dates in July. On each day, the informant purchased crack cocaine from an individual identified as "Stretch." Stretch was later identified at trial as Appellant.
 {¶ 12} The informant testified at trial. He explained that he was outfitted with a radio transmitting device on each date and that he purchased crack cocaine from Stretch on three separate occasions. After each controlled buy, the informant gave the crack cocaine to the ATF agent, Special Agent Chad Foreman, and SPD Narcotics Detective Jason Hanlin. (Tr., pp. 94, 100, 164, 166.)
 {¶ 13} Foreman explained that Hanlin field-tested each purchase and that each tested positive for crack cocaine. Foreman placed the substance into an evidence bag, labeled it, and placed each bag in the ATF evidence vault in Youngstown, Ohio. Foreman subsequently mailed all three bags to the United States Drug Enforcement Agency Lab in Chicago to be tested. (Tr., pp. 96-97, 99, 101-102, 109, 146, 197, 201.) Each bag was subsequently determined to contain crack cocaine. (Tr., pp. 110-112.)
 {¶ 14} Appellant argues that the drugs should not have been admitted as evidence since Foreman testified that the appearance of the crack cocaine was different after it was returned from the DEA laboratory. Appellant claims that Foreman's testimony failed to provide a sufficient foundation and chain of custody, and as such, the drugs were improperly admitted.
 {¶ 15} However, Appellant's argument relies on Foreman's testimony piecemeal. Foreman did state that the substance appeared different upon its return from the DEA lab. However, Appellant takes this statement out of context. (Tr., p. 98.) At trial, Foreman explained that each substance in the state's exhibits was substantially the same after its return from the lab except for the additional DEA markings indicating the government's chain of custody. Foreman also stated that the DEA changed the appearance of the substance for testing purposes and that the DEA repacked the substance into smaller bags. (Tr., pp. 97-102.)
 {¶ 16} Foreman explained that the DEA evidently crushed part of the crack cocaine rocks in order to conduct the necessary tests. Although Foreman did not witness the testing methods employed by the DEA laboratory, he was certain that the drugs never left government custody. Foreman also stated that drugs sent for testing are usually returned in an altered form. (Tr., pp. 108-109, 144, 151.) Finally, the DEA laboratory tests confirmed that each exhibit was indeed cocaine base and Foreman stated he had "no doubt" that the state's exhibits were the drugs seized from the informant. (Tr., pp. 110-111, 152.)
 {¶ 17} SPD Narcotics Detective Jason Hanlin also confirmed at trial that he field-tested each exhibit after it was purchased and each tested positive for crack cocaine. (Tr., pp. 192-193, 201.)
 {¶ 18} The fact that an expert from the DEA lab did not testify and explain the exact testing procedure goes to the weight of the evidence. Mays, supra. This fact was before the jury. Even though there may have been room for speculation regarding tampering or alteration, the state provided a sufficient chain of evidence for the trier of fact. Columbus v.Marks, supra. Thus the state's exhibits A, B, and C were properly authenticated and the trial court did not abuse its discretion in admitting them at trial.
 {¶ 19} Based on the foregoing, Appellant's first assignment of error lacks merit and is overruled.
 {¶ 20} Appellant's second assignment of error asserts:
 {¶ 21} "THE TRIAL COURT'S ORDERING CONSECUTIVE SENTENCES DID NOT COMPLY WITH RC 2929.14(E) RC 2929.19(B)(2)(c), WAS NOT INCONFORMITY [SIC] WITH THE PRINCIPLES OF OHIO'S FELONY SENTENCING STATUTES, AND SHOULD BE VACATED."
 {¶ 22} Appellant argues in this assignment of error that the trial court erred in sentencing him to maximum consecutive sentences since it did not make the requisite R.C. § 2929.14(E) findings on the sentencing record contrary to the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. Appellant also argues that the trial court failed to provide any reason for imposing consecutive sentences contrary to R.C. § 2929.19(B).
 {¶ 23} Notwithstanding Appellant's argument, the Ohio Supreme Court has since determined that R.C. § 2929.14(B) and R.C. §2929.19(B)(2) are unconstitutional since they require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph one of the syllabus. See also, In re Criminal Sentencing Statutes Cases, ___ Ohio St.3d ___, 2006-Ohio-2109. The Foster Court also concluded that the unlawful judicial fact finding is capable of being severed from the statutes. Id. at ¶ 96. "[A]fter Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing[.]" State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, ¶ 38. However, the trial court must exercise its discretion while paying close attention to the underlying purposes of felony sentencing set forth in R.C. §§2929.11 and R.C. 2929.12. Id.
 {¶ 24} Accordingly, and pursuant to Foster, supra, we must vacate Appellant's sentence and remand for resentencing. On remand, the trial court should provide a new sentencing hearing unless the parties agree to use the prior sentencing record for resentencing purposes. Foster, supra, at ¶ 104-105.
 {¶ 25} In conclusion, Appellant's convictions are affirmed in full and his sentence is vacated and remanded for resentencing pursuant to Foster, supra.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.