DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Matthew Gunner, appeals the judgment of the Lucas County Court of Common Pleas. He was convicted of possession of crack cocaine, a violation of R.C. 2925.11(A), (C)(4)(f) and a felony of the first degree, and trafficking in crack cocaine, a violation of R.C.2925.03(A)(2), (C)(4)(a) and a felony of the first degree. The *Page 2 
trial court then sentenced him to ten years incarceration for each count and ordered the terms to run concurrently, for a total term of ten years incarceration.
 {¶ 2} From that judgment, appellant sets forth one assignment of error for review:
 {¶ 3} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE INADMISSIBLE EVIDENCE, SPECIFICALLY STATE'S EXHIBIT 2 AND 3, WERE ADMITTED INTO EVIDENCE WITHOUT OBJECTION, DESPITE THE STATE'S FAILURE TO AUTHENTICATE THE EVIDENCE AND ESTABLISH THE CHAIN OF CUSTODY FOR SAID EVIDENCE."
 {¶ 4} Exhibit 2 and Exhibit 3 were introduced at trial through the testimony of Detective Picking. Picking, working undercover, had been building a case against appellant for trafficking in crack cocaine for several weeks before his arrest. Picking had arranged to buy crack cocaine from appellant and the transaction was set to take place in a gas station parking lot. When appellant, riding in a black Chrysler Pacifica, arrived at the gas station, Picking telephoned appellant and told him that he [Picking] had left the area. Shortly after appellant's vehicle drove away, Toledo Police initiated a stop. A plastic bag containing what was later determined to be 137.28 grams of crack cocaine was found at appellant's feet. The crack cocaine was labeled Exhibit 2 and the plastic bags containing the crack cocaine constituted Exhibit 3. Both exhibits were admitted into evidence without objection by appellant's trial counsel.
 {¶ 5} Appellant argues that the failure to object to the introduction of the crack cocaine and the plastic baggies rendered his trial counsel's performance prejudicially *Page 3 
deficient such that it deprived him of his right to counsel. In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus. Courts will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Strickland, 466 U.S. at 689.
 {¶ 6} Appellant waived all but plain error for his failure to object to the admission of these two exhibits at trial. Evid.R. 103. Notice of plain error is taken only to prevent a miscarriage of justice, under exceptional circumstances. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. A plain error is an error which affects a substantial right of the accused and, without the error, the outcome of the trial would have been different. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 82.
 {¶ 7} Detective Picking testified that he knew that the crack cocaine presented at trial as Exhibit 2 was the same crack cocaine found at appellant's feet "because of the conversations that I had with him on the phone negotiating the price and him offering to sell me the drug." He knew that the four baggies presented as Exhibit 3 were the same baggies found with appellant because "when I process drugs I take the drugs out of the *Page 4 
baggies and put them in a heat sealed bag, that way we have them for fingerprints." This was the sum of his testimony identifying the evidence. No identifiable prints were found on the baggies.
 {¶ 8} Chad Douglas, an analyst from the Toledo Police forensic laboratory, conducted the chemical analysis of Exhibit 2 and determined it was 137.28 grams of crack cocaine. He testified that he picked up the evidence bag containing the crack cocaine from the property room and brought it to the laboratory for testing. When asked on cross-examination whether he knew who placed the crack cocaine into the evidence bag, he stated, "I don't know. I would assume one of the detectives, but I couldn't tell you who because I wasn't there when it was done." His laboratory report stated that the evidence bag was received at the property room, but the space marked "from" was blank. He explained:
 {¶ 9} "A. * * * We typically don't log who it's from at the property room. We have a computer system back at the laboratory, and in the property room that tracks the chain of custody through all of that.
 {¶ 10} "Q. And you don't have that chain of custody, correct?
 {¶ 11} "A. It's back at the police department. I don't have it here. It's all electronic.
 {¶ 12} "Q. And so when you picked up those drugs from the property room, they had already been — something had already happened to them before you got it so from the time that they were logged into the property — or had been picked up and the time that *Page 5 
you picked them up, something had happened, correct? They had been taken out of the bag, correct?
 {¶ 13} "A. If they were in a bag. I don't know if they were in a bag or not. All I can tell you is that they were logged into the property room because that's where I got them from, and they were signed out to me."
 {¶ 14} Evid.R. 901(A) provides:
 {¶ 15} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 16} Direct identification of an object with special or unique identifying characteristics by a witness with knowledge of the object is usually sufficient. Evid.R. 901(B)(1), (4). In cases of fungible goods like cocaine, which have no uniquely identifying characteristics, identification that the item presented is identical to the item used in the crime requires a chain of custody. State v. Conley (1971),32 Ohio App.2d 54, 59-60 ("One white pill looks much like any other white pill and hence positive identification simply by observation is usually impossible."). Usually, an identifying witness testifies to a chain of custody in order to demonstrate that no tampering has occurred and that the physical integrity of the evidence is intact. State v. Richey
(1992), 64 Ohio St.3d 353, 360, abrogated on other grounds by State v.McGuire (1997), 80 Ohio St.3d 390. Because the condition precedent to admissibility is "evidence sufficient to support a finding" that the article "is what its proponent claims," a strict chain of custody *Page 6 
usually goes to the weight the jury affords the evidence, not its admissibility. Id. "A strict chain of custody is not always required in order for physical evidence to be admissible." Id., citing State v.Wilkins (1980), 64 Ohio St.2d 382, 389; State v. Downs (1977),51 Ohio St.2d 47, 63. See, also, State v. Gross, 97 Ohio St.3d 121,2002-Ohio-5524, ¶ 57.
 {¶ 17} The state, therefore, is not required "to negate all possibilities of substitution or tampering. The state need only establish that it is reasonably certain that substitutions, alteration or tampering did not occur." State v. Moore (1973), 47 Ohio App.2d 181,183. See, also, State v. Thompson (1993), 87 Ohio App.3d 570, 582;State v. Brown (1995), 107 Ohio App.3d 194, 200. This may be accomplished through direct testimony or by inference. State v.Conely, 32 Ohio App.2d at 60. "Evidence of a process or system to produce an accurate result is sufficient to satisfy the rule." State v.Hunter, 169 Ohio App.3d 65, 2006-Ohio-5113, ¶ 16 (chain of custody of rape kit). Where there is a break in the chain of custody, but the state has shown with reasonable certainty that alterations or tampering did not occur, the issue goes to the weight afforded the evidence by the trier of fact, not its admissibility. State v. Mays (1996),108 Ohio App.3d 598, 618, quoting In re Lemons (1991), 77 Ohio App.3d 691, 693;Columbus v. Marks (1963), 118 Ohio App. 359; State v. Hunter, supra. Where the issue has been found to go to the weight of the evidence, at least one court has held that the issue does not demonstrate ineffective assistance of counsel. State v. Artrip (Aug. 22, 2001), 9th Dist. No. 3122-M. *Page 7 
 {¶ 18} No testimony established where the bag was between the time it was found at appellant's feet and the time it entered the property room. Picking did not testify as to which officer seized the crack cocaine. No officer testified as to how the evidence found its way into the property room. Although Picking testified to his usual method of placing seized evidence into evidence bags, he did not testify whether he used the same procedure on this evidence, or whether he or someone else performed this procedure on this evidence.
 {¶ 19} While direct testimony regarding the chain of custody is lacking, there is inferential evidence that a system or process was in place and was applied. State v. Hunter, 2006-Ohio-5113, ¶ 19. The state's Exhibit 1, the Toledo Police forensic laboratory report, lists the property room filing number for the crack cocaine as "220579." This matches the property room filing number on appellant's Exhibit AA, the Toledo Police Evidence Technician Request form, requesting that prints be taken of the baggies. While this does not establish a strict chain of custody, as desirable with fungible items, it does demonstrate a process or system designed to authenticate evidence. Absent evidence indicating the possibility of substitution or tampering, this shows with a reasonable degree of certainty that Exhibits 2 and 3 are identical to the items seized from appellant.
 {¶ 20} We find no plain error in the trial court's admission of Exhibits 2 and 3. Even if we had, however, the error must then impel us to consider the sufficiency and weight of the evidence supporting appellant's convictions. Appellant has not raised those *Page 8 
questions as errors on appeal. Appellant presents only the issue of whether his trial counsel's performance was so deficient that prejudice resulted.
 {¶ 21} We find, therefore, that appellant's trial counsel was not prejudicially deficient for failing to object to the evidence's admission. Counsel for appellant cross-examined Picking and Douglas regarding the lack of a chain of custody. In closing arguments, she asked the jury to note that no chain of custody for the crack cocaine had been established. Thus, appellant's trial counsel called attention to the probative value-or lack thereof — of the evidence absent a chain of custody. The issue being before the jury, they decided what weight to assign the evidence given the strength of the chain of custody. Appellant's assigned error is not well-taken.
 {¶ 22} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing to appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 9 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1