DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Darryl O. Walizer has appealed his sentence imposed by the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} On November 20, 2003, an indictment was filed against Appellant for one count of importuning in violation of R.C. 2907.07(D)(2). At the arraignment on December 10, 2003, Appellant entered a "not guilty" plea. Trial was set for March 1, 2004.
 {¶ 3} On March 1, 2004, Appellant withdrew his former plea of "not guilty" and entered a plea of "no contest" to importuning, as charged in the indictment. The following seven exhibits were admitted into the record: 1) the Yahoo profile of an invented fourteen year-old girl Appellant believed he was contacting on the internet; 2) the instant message conversation between Appellant and the police officer posing as the fourteen year-old girl; 3) Appellant's Yahoo profile from the internet; 4) copies of Appellant's driver's license and military identification; 5) Appellant's arrest photograph; 6) Appellant's signed waiver of his Miranda rights; and 7) Appellant's written and signed statement to the police regarding the importuning allegation. The trial court found Appellant guilty of the sole charge.
 {¶ 4} On March 19, 2004, Appellant filed a motion to withdraw his plea of "no contest." In his motion he contended: 1) that he had always maintained his innocence; 2) that the State would not be prejudiced by allowing him to withdraw his plea; and 3) that he "felt pressured to enter his plea based upon certain representations regarding evidentiary rulings, and the effect that those rulings would have on his case." On March 30, 2004, the trial court informed the parties that Appellant's motion to withdraw his plea would be heard during the sentencing hearing already scheduled for April 2, 2004.
 {¶ 5} After considering the testimony, the parties' memoranda, and the evidentiary materials, the trial court made the following findings of fact at the hearing on Appellant's motion to withdraw his "no contest" plea:
"[Appellant] testified that he wished to withdraw his plea and proceed to trial on the indictment because he believed he was not guilty. However, [Appellant] admitted to all the factual allegations against him. He admitted to communicating with a person who claimed to be an underage female, to soliciting sex from this individual and to traveling to Ohio with the intention of having sex with this individual. He denied believing she was less than sixteen years of age although he did not know her true age. He acknowledged that he understood that to be convicted of Importuning, the State was not required to show an actual belief as to the person's age but was only required to show that he was reckless in that regard. * * * The Court finds that [Appellant] has not presented any new information regarding why he should be allowed to withdraw his plea but has simply had a change of heart."
 {¶ 6} The trial court found that Appellant's plea was "not a result of a mistake, a misconception of the nature of the charge or a misunderstanding of the effect of entering the plea and that no misrepresentations were made to Appellant prior to his admission of the plea." The trial court concluded that Appellant presented "no reasonable and legitimate basis" for his motion and overruled the motion. Appellant was then sentenced to ten months incarceration.
 {¶ 7} Appellant has timely appealed his sentence, asserting two assignments of error.[1]
 II Assignment of Error Number One
"The trial court erred in sentencing [appellant] to a term greater than the minimum."
 {¶ 8} In his first assignment of error, Appellant has argued that the trial court erred when it sentenced him beyond the minimum sentence. Specifically, Appellant has asserted that the trial court failed to make the requisite findings to sentence him to a term of incarceration under R.C. 2929.11 through R.C. 2929.14. We disagree.
 {¶ 9} When reviewing a sentence on appeal, an appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate the sentence and remand the matter for resentencing. R.C.2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2):
"The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
"(a) That the record does not support the sentencing court's findings under division (B) or (D) of [R.C. 2929.13] * * *;
"(b) That the sentence is otherwise contrary to law." R.C 2953.08(G)(2).
Clear and convincing evidence is:
"`[T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 10} Appellant has asserted that the trial court erred in failing to impose the shortest prison term authorized for the offense of which he was found guilty. As previously noted, Appellant was found guilty of importuning, in violation of R.C. 2907.07(D)(2), a felony of the fifth degree. Appellant has argued that the trial court should have imposed a sentence of community control because that is the minimum authorized sentence for a fifth degree felony conviction. In response, the State has argued that the trial court was authorized to impose a prison term.
 {¶ 11} A trial court can impose a term of incarceration for a conviction of the fifth degree pursuant to two different statutes. One approach utilizes R.C. 2929.13. Pursuant to R.C. 2929.13(B), if the trial court makes a finding that at least one of the enumerated factors in R.C. 2929.13(B)(1) is applicable, then it must review whether a prison term is consistent with the purposes of sentencing as set forth in R.C.2929.11. R.C. 2929.13(B)(2)(a). "In doing so, the court is guided by the seriousness and recidivism factors enumerated in R.C. 2929.12(B) and (C), but may also consider all other relevant factors." State v. Walton
(Jan. 23, 2002), 9th Dist. No. 3199-M, at 4. The trial court then considers whether the defendant is amenable to community control by reviewing the factors contained in R.C. 2929.12(D) and (E) and all other relevant factors. "If the court finds after this review that that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term." Id., citing R.C. 2929.13(B)(2)(a).
 {¶ 12} This Court agrees with Appellant's assertion that the record is void of any of the factors listed in R.C. 2929.13(B)(1)(a)-(i). "However, R.C. 2929.13(B) mandates when a sentencing court must impose a prison sentence and when it must impose community control; it does not provide the sole statutory method to sentence an offender to prison for a fifth degree felony conviction." State v. Sutton (April 10, 2002), 9th Dist. No. 20734, at 5.
 {¶ 13} As previously stated, a trial court has two statutory methods for imposing a prison term for a fifth degree felony conviction and contrary to Appellant's argument, the trial court was not required to make a finding under R.C. 2929.13(B)(1). Pursuant to R.C. 2929.12(A):
"Unless otherwise required by [R.C. 2929.13 or R.C. 2929.14], a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]."
Accordingly, the trial court had discretion, within the bounds of R.C. 2929.11 and R.C. 2929.12, in sentencing Appellant.
 {¶ 14} "When sentencing an offender under R.C. 2929.12, the court must follow the purposes and principles of felony sentencing, which are to `protect the public from future crime by the offender and others and to punish the offender.'" Sutton, at 5, citing R.C. 2929.11(A). To achieve the purposes of felony sentencing the sentencing court:
"[S]hall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 15} The sentence imposed shall not only be reasonably calculated to achieve the purposes of R.C. 2929.11(A), but also "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The sentencing court also must consider the enumerated factors of R.C. 2929.12(B) through (E). "If appropriate under the circumstances, the trial court is required to impose a sentence of community control." Walton, at 5. "If not, the court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A)." Id., citing R.C. 2929.13(A)
 {¶ 16} The transcript of Appellant's sentencing hearing reflects that the trial court made the following statement on the record:
"The Court looked at the transcript of the internet chat room conversations if you will, State Exhibit B. And [Appellant], there's just absolutely no doubt in my mind that you thought you were dealing with a 14 year old. You know, the things you say to her, that she said to you. You asked her if she was a cheerleader, asked her about high school. She says that you couldn't spend the night at her house because her grandmother would freak out. I mean, just one thing after another reinforces the State's contention that you knew or you were reckless in that regard. I've considered the factors under 2929.11, 12, 13 (sic) and14[.]" (Emphasis added).
After giving Appellant's counsel a final opportunity for arguments, the trial court sentenced Appellant:
"Given the fact that this charge involved not only the contact over the internet with who you believed was a 14 year old girl, but you actually drove from Maryland to Ohio with all the items that we talked about earlier with the full intention of engaging in sex with a girl who you believed was 14, the Court finds that a prison sanction is appropriateand that the minimum sentence would demean the seriousness of theoffense. So you're sentenced to a term of 10 months[.]" (Emphasis added).
 {¶ 17} In its sentencing entry, the trial court stated:
"The Court has considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles ofsentencing under R.C. 2929.11, the seriousness and recidivism factorsrelevant to the offense and offender pursuant to R.C. 2929.12, and theneed for deterrence, incapacitation, rehabilitation, and restitution.
(Emphasis added).
"The Court finds that [Appellant] has entered a plea of No Contest to Importuning, a violation of R.C. 2907.07(D)(2), a Felony of the 5th degree.
"The Court further finds that a prison sentence is consistent with thepurposes and principles of sentencing under R.C. 2929.11 because a prisonsentence is commensurate with the seriousness of the offender's conductand its impact on the victim, because it is reasonably necessary to deterthe offender in order to protect the public from future crime, andbecause it would not place an unnecessary burden on governmentalresources. (Emphasis added).
"The Court further finds that [Appellant] is not amenable to anavailable combination of community control sanctions and that acombination of community control sanctions would demean the seriousnessof [Appellant's] conduct and its impact on the victim. (Emphasis added).
"The Court further finds that [Appellant] has not previously served time in a prison for a criminal offense.
"It is ORDERED that [Appellant] serve a stated term of ten (10) months
in prison under Count 1 for the violation of R.C. 2907.07(D)(2)." (Emphasis sic).
 {¶ 18} Based on the foregoing, it is clear from the record that the trial court complied with R.C. 2929.11 and R.C. 2929.12 when it sentenced Appellant to ten months incarceration. A review of the sentencing hearing transcript and the sentencing journal entry establish that the trial court made the appropriate findings and determinations on the record. "[T]he trial court was not required to use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable recidivism factors under R.C. 2929.12"State v. Walton (April 24, 2002), 9th Dist. No. 3206-M, at 5; see also,State v. Arnett (2000), 88 Ohio St.3d 208, 215. "Rather, the sentencing judge need only state that it considered the applicable recidivism factors of R.C. 2929.12 in arriving at its decision." Walton, 9th Dist. No. 3206-M, at 5-6. (Quotations and citation omitted).
 {¶ 19} Having complied with the statutory sentencing requirements, this Court cannot find that the trial court acted contrary to law in imposing a prison term on Appellant for a fifth degree felony. Appellant failed to establish by clear and convincing evidence that the trial court erred. Accordingly, Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"The trial court erred in basing its sentence of a prison term for a fifth degree felony on facts that were not stipulated."
 {¶ 20} In his second assignment of error, Appellant has argued that the trial court erred in sentencing him to prison based on facts that were not agreed upon between the parties. Specifically, citing Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435, andBlakely v. Washington, (2004), 124 S.Ct. 2531, 159 L.Ed. 2d 403, Appellant has averred that the trial court erred by sentencing him to prison because its findings were not supported by the fact finding that comports with the criteria in Blakely and therefore, the maximum statutory sentence he could receive was community control. We disagree.
 {¶ 21} Appellant has based his argument that the trial court erred in sentencing him to a prison term on Apprendi and Blakely. Appellant has argued that based on these two Supreme Court cases, the trial court was not permitted to impose a sentence beyond community control.[2]
 {¶ 22} Apprendi dealt with a sentencing enhancement by the trial court that extended the defendant's sentence beyond the prescribed statutory maximum for the crimes of which he was convicted. Apprendi,530 U.S. at 469. The Apprendi Court held that:
"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi,530 U.S. at 490.
 {¶ 23} In Blakely, the United States Supreme Court revisited the issue of trial courts sentencing defendants beyond the prescribed statutory maximum for their convictions without a factual finding from the jury or an admission of the defendant. Blakely, 124 S.Ct. at 2536. In Blakely, the trial court imposed an "exceptional" sentence after finding that the defendant acted with "deliberate cruelty" when committing the crimes of which he was convicted. Id. at 2535. The Blakely Court reversed the defendant's sentence finding that he was "sentenced to prison for more than three years beyond what the law allowed for the crime to which he confessed, on the basis of a disputed finding that he had acted with `deliberate cruelty.'" Id. at 2543.
 {¶ 24} The Blakely Court quoted its holding in Apprendi and found that the Apprendi rule as previously held and reiterated in this case, "reflects two longstanding tenets of common-law criminal jurisprudence[.]" Id. at 2536.
"[T]he `truth of every accusation' against a defendant `should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors,' and that `an accusation which lacks any particular fact which the law makes essential to the punishment is * * * no accusation within the requirements of the common law, and it is no accusation in reason[.]'" (Citations omitted). Id.
 {¶ 25} The Blakely Court further explained that the "`statutory maximum' for Apprendi purposes is the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Id. at 2537, (Emphasis sic).
 {¶ 26} In the instant matter, Appellant was convicted of a fifth degree felony, which carries a possible sentence of community control or six, seven, eight, nine, ten, eleven, or twelve months incarceration. R.C. 2929.14(A)(5). On April 2, 2004, during Appellant's motion and sentencing hearing, he admitted to the trial court that he had previously been sexually involved with juveniles. When asked about his previous encounters with juveniles, Appellant told the trial court, "I have met two 16 year old's." The trail court requested the State read portions of Appellant's written statement to the police, which had been previously admitted into evidence. The State read the following from Appellant's written statement:
"[D]o you understand that you're not under arrest at this time[?] Yes. Can you explain why you were here today[?] I was here to meet a girl named Kendra. How old did Kendra tell you she was[?] 14. * * * [W]hat did you discuss doing when she got here[?] We were meeting at the park and going to dinner and a hotel. How did you meet her[?] I met her in an internet chat room. * * * Did you discuss having sex[?] Yes, if it happened. * * * Who asked to have sex[?] I asked if it was a possibility. The sex toys and condoms found in your vehicle were for tonight[?] Yes. * * * Have you ever met in person anyone who you made contact with on the net before[?] Yes, I have. Who, where[?] 10 to 15 girls ranging in age from 16 to 30 in Pennsylvania and Maryland. Did you engage in sex with anyone under 18 in any state[?] Yes, one was 16 in Maryland. One was 16 in PA. They were three to four years ago."
 {¶ 27} Appellant has argued that the trial court erred when it sentenced him beyond community control because such a sentence was not based on stipulated facts and therefore, in violation of Blakely.[3] We find that the record does not support Appellant's contention. Appellant admitted at the sentencing hearing that he had previously spoken with juveniles on the internet and met with them in person. Further, the admitted written statement of the Appellant revealed that Appellant admitted that he had previously had sexual intercourse with two sixteen year-olds he met on the internet and that the sex toys and condoms found in his vehicle when he was arrested were for his meeting the fourteen year-old girl he had met on the internet. The record is void of any objection to the admission of Appellant's written statement or any argument that his statement was incorrect.
 {¶ 28} Assuming arguendo, that Appellant properly invoked Blakely,
this Court finds that Appellant's sentence was not beyond the "statutory maximum." This Court finds that Blakely was not violated because the facts admitted by Appellant were sufficient to support the imposed sentence. It follows that the trial court did not err when it sentenced Appellant to ten months in prison for the crime of importuning. Appellant's second assignment of error is not well taken.
 III {¶ 29} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Batchelder, J. concur.
[1] On April 20, 2004, the trial court granted Appellant's motion for stay of execution of sentence pending the instant appeal.
[2] This Court notes that Blakely was decided after Appellant was sentenced.
[3] We note that Blakely does not require "stipulated" facts, but rather that the sentence be based "solely on facts reflected in the jury verdict or admitted by the defendant." (Emphasis added). Blakely, at 2537.