DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Sherri D. Engel, appeals the Wayne County Municipal Court's denial of appellant's motion to suppress. This Court affirms.
 I. {¶ 2} Appellant was charged with one count of driving while under the influence of alcohol in violation of R.C.4511.19(A)(1); one count of driving left of center in a marked lane in violation of Wooster Municipal Ordinance 331.08(A)(1); and one count of driving while under the influence with a prohibited blood alcohol content in violation of R.C.4511.19(A)(6). Appellant entered not guilty pleas to the three counts.
 {¶ 3} Appellant filed a motion to suppress evidence, and the trial court held a hearing on the motion. The trial court subsequently denied appellant's motion to suppress.
 {¶ 4} On January 25, 2005, appellant withdrew her not guilty pleas and entered a plea of no contest to one count of driving under the influence with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(6), in exchange for the State's dismissal of the remaining two counts. The trial court found appellant guilty and imposed sentence. Appellant timely appeals the trial court's denial of her motion to suppress, raising one assignment of error for review.[1]
 II. ASSIGNMENT OF ERROR
"The trial court erred when it denied the defendant/appellant's motion to suppress evidence when the state of ohio failed to present sufficient evidence that the blood alcohol test supporting the defendant/appellant's conviction was obtained from a sample of the defendant/appellant's blood."
 {¶ 5} Appellant argues that the trial court erred when it denied appellant's motion to suppress evidence regarding a blood sample which was not identified as having been taken from appellant. This Court disagrees.
 {¶ 6} "The review of a motion to suppress presents a mixed question of fact and law for an appellate court." State v.Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 7; State v.Long (1998), 127 Ohio App.3d 328, 332. This Court must accept the trial court's factual determinations made during the suppression, so long as they are supported by competent and credible evidence. Farris at ¶ 7; State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905. This Court, however, must review the trial court's application of the law to those facts de novo.Farris at ¶ 7; State v. Searls (1997), 118 Ohio App.3d 739,741.
 {¶ 7} Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The State has the burden of establishing the chain of custody of a piece of evidence, as part of the authentication and identification requirement in Evid.R. 901, before the evidence may be admitted at trial. State v. Brown (1995),107 Ohio App.3d 194, 200. The Ohio Supreme Court has held that "[a] strict chain of custody is not always required in order for physical evidence to be admissible." State v. Wilkins (1980),64 Ohio St.2d 382, 389. Rather, "the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur." Brown, 107 Ohio App.3d at 200, quoting State v.Blevins (1987), 36 Ohio App.3d 147, 150.
 {¶ 8} At hearing on the suppression motion, the trial court heard the testimony of the arresting officer Brian Waddell of the Wooster Police Department. Officer Waddell testified that he conducted a traffic stop of appellant after observing her driving across the double yellow line as she traveled westbound in the eastbound lane of Bowman Street. Officer Waddell noticed appellant's blood shot eyes and a moderate odor of alcohol. Upon inquiry, appellant informed the officer that she had had two glasses of wine earlier in the evening. Officer Waddell then administered various field sobriety tests to appellant, who exhibited clues indicating intoxication. The officer requested that appellant submit to a portable breath test, and appellant refused. Officer Waddell then placed appellant under arrest and transported her to the corrections facility.
 {¶ 9} At the corrections facility, Officer Waddell again requested that appellant submit to a breathalyzer test to determine her alcohol concentration level. Appellant again refused. Officer Waddell then obtained a search warrant to permit appellant's blood draw.
 {¶ 10} Officer Waddell testified that Jim Lucas, a medical lab technician at Wooster Community Hospital, drew appellant's blood and returned the collection kit to him (Waddell). Officer Waddell testified that he believed that he recognized appellant's social security number on the sealed vial. He concluded that he transported appellant's blood specimen to the police department and locked it in a secure refrigerator. The officer testified that the police department's evidence technician processed the paperwork regarding the specimen and sent it to the Ohio State University Medical Center lab for testing in the normal course of business.
 {¶ 11} Jim Lucas testified that he was called to the emergency room at Wooster Community Hospital to draw blood from appellant for subsequent determination of blood alcohol concentration. He continued that Officer Waddell provided him with the standard blood collection kit. Mr. Lucas testified that he drew appellant's blood, labeled the sample with a social security number, initials, date and time, and returned the sample to Officer Waddell. Mr. Lucas testified that he normally puts the social security number of the person from whom he has drawn the blood on the vial's seal. When presented with the document used to track the blood specimen, Mr. Lucas testified that his social security number had been placed on the vial. Mr. Lucas testified that he inadvertently placed his own social security number on the vial of appellant's blood instead of appellant's number.
 {¶ 12} Finally, the trial court heard the testimony of Dr. Gary Barnett, custodian of records and medical review officer for the division of toxicology at the Ohio State University Medical Center. Dr. Barnett testified regarding custodial and procedural safeguards utilized when the lab receives specimens for testing. He further testified that there was a discrepancy on the tracking documents regarding appellant's blood specimen. Specifically, Dr. Barnett testified that the social security number on the specimen vial did not match the accompanying paperwork. He continued that the lab contacted the Wooster Police Department regarding the discrepancy and that the discrepancy was resolved. The blood sample was subsequently tested, indicating a blood alcohol concentration of 0.225, an amount in excess of the concentration level set forth in R.C. 4511.19(A)(6). Dr. Barnett was clear that any discrepancy in the paperwork would not have had any effect on the accuracy of the testing of the blood sample.
 {¶ 13} The trial court found, based on the evidence, that there was no evidence to suggest alteration, substitution or tampering of the blood sample. Rather, the trial court found that Mr. Lucas inadvertently mislabeled appellant's blood specimen with his own social security number rather than appellant's. This Court agrees.
 {¶ 14} The evidence established that the State met its burden of establishing the chain of custody of appellant's blood specimen. Upon receipt of the specimen by the lab for testing, the lab noticed a discrepancy between the social security number on the vial and the number on the accompanying paperwork. Dr. Barnett testified that the lab contacted the Wooster Police Department, which clarified the discrepancy. The mislabeling of appellant's blood specimen was a mere clerical error, which was clarified prior to the lab's testing of the specimen, so that it was clear that it was appellant's blood which was being tested. The mislabeling in no way affected the results of the test for blood alcohol content.
 {¶ 15} Under the circumstances, this Court finds that the trial court's findings were supported by competent, credible evidence. Further, the trial court's application of its findings of facts to the law was appropriate. Accordingly, the trial court did not err by denying appellant's motion to suppress evidence of the blood alcohol concentration in the blood specimen in this case. Appellant's assignment of error is overruled.
 III. {¶ 16} Appellant's assignment of error is overruled. The order of the Wayne County Municipal Court, which denied appellant's motion to suppress, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Batchelder, J. concur
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant moved the trial court for a stay of execution of her sentence pending this appeal. The trial court granted the stay.