DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Nick Trikilis has appealed from his conviction in the Medina County Court of Common Pleas of trafficking in marijuana and trafficking in anabolic steroids. This Court affirms.
 I {¶ 2} Defendant-Appellant Nick Trikilis was indicted on June 5, 2003 on one count of trafficking in marijuana, in violation of R.C.2925.03(A)(1)/(C)(3)(a), a felony of the fifth degree; one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(1)/(C)(3)(c), a felony of the fourth degree; and one count of trafficking in anabolic steroids, in violation of R.C. 2925.03(A)(1)/(C)(2)(c) and R.C.2923.03(A)(2), a felony of the fourth degree.
 {¶ 3} Appellant was arraigned on July 18, 2003, wherein he pled "not guilty" to all counts. On July 12, 2004, the case was tried to a jury in the Medina County Court of Common Pleas. On July 13, 2004, Appellant was found guilty of all three counts listed in the Indictment. On September 13, 2004, Appellant was sentenced to eight months in prison on Count I, ten months in prison for Count II, and ten months in prison on Count III, with all sentences to be served concurrently.
 {¶ 4} Appellant timely appealed his convictions, asserting four assignments of error. For ease of analysis, Appellant's second and third assignments of error have been consolidated.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE AND ABUSED ITS DISCRETION BY ALLOWING THE STATE TO INTRODUCE INTO EVIDENCE THE MARIJUANA AND STEROIDS WHEN THE STATE FAILED TO ESTABLISH CONTINUITY IN THEIR CHAIN OF CUSTODY."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress and abused its discretion by admitting the contraband into evidence. Specifically, Appellant has argued the evidence should not have been admitted because the State failed to establish a proper chain of custody. We disagree.
 Motion to Suppress {¶ 6} On June 22, 2004, Appellant filed a motion in limine with the trial court to suppress all contraband stemming from an illegal search warrant. On July 12, 2004, prior to voir dire, the trial court conducted a hearing at which the State acknowledged that the contraband at issue was obtained through hand-to-hand transactions with an undercover officer and not pursuant to the illegal search warrant. Appellant conceded that if the State did not offer evidence stemming from the illegal search, a hearing was unwarranted, and he would waive it. Subsequently, Appellant then agreed to the trial court entering an order denying the motion as moot because the State was not offering any evidence seized pursuant to the invalid search warrant. Accordingly, we find the trial court did not err in denying the motion to suppress, and Appellant's argument lacks merit.
 Admission of the Contraband into Evidence {¶ 7} It is well established in Ohio that "`[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court.'" (Alterations sic) State v. Robb (2000), 88 Ohio St.3d 59,68, quoting State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. See also State v. Yeager, 9th Dist. No. 21510, 2005-Ohio-4932, at ¶ 15. An appellate court will not disturb a trial court's ruling as to the admissibility of evidence absent an abuse of discretion and a showing of material prejudice by the opposing party. Yeager, at ¶ 15, citing State v. Martin (1985), 19 Ohio St.3d 122, 129.
 {¶ 8} Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Before evidence may be admitted at trial, the State must establish the chain of custody as part of the authentication and identification requirement of Evid.R. 901(A). Statev. Engle, 9th Dist. No. 05CA0004, 2005-Ohio-4084, at ¶ 7, citing Statev. Brown (1995), 107 Ohio App.3d 194, 200. In State v. Wilkins
(1980), 64 Ohio St.2d 382, the Ohio Supreme Court held that "[a] strict chain of custody is not always required in order for physical evidence to be admissible." Id. at 389. The State "`need only establish that it is reasonably certain that substitution, alteration or tampering did not occur.'" Engle, at ¶ 7, quoting Brown, 107 Ohio App.3d at 200.
 {¶ 9} In the present case, the State sufficiently established that "substitution, alteration or tampering did not occur." Engle, at ¶ 7. The trial court's factual determination that all parties had initialed and sealed the evidence was supported by competent, credible evidence. At trial, Agent Michael Barnhardt of the Medina County Drug Task Force ("MCDTF") testified to the chain of custody concerning the marijuana purchased on January 24, 2003 and the marijuana and anabolic steroids purchased on February 6, 2003. Furthermore, he testified that he seals every evidence bag and that it is secured until it is transported to the Ohio Bureau of Criminal Identification and Investigation ("BCI"). Agent Barnhardt testified to the use of evidence tags, which includes the case number, contents, defendant's name and the chain of custody. He then testified that the chain of custody for the disputed evidence started with the Appellant, went to him, then to the property room, where it was entered into an evidence log and secured for transport to BCI. The evidence was then delivered to BCI, and after it was analyzed, was brought back to the property room where it was secured until the trial. Agent Barnhardt testified that he brought the evidence with him to court. Additionally, he testified that the evidence was wrapped in a BCI evidence bag, which is standard procedure after examination at BCI.
 {¶ 10} The State then elicited the testimony of the three BCI forensic scientists who had examined the disputed pieces of evidence. All three witnesses testified that the evidence bore a unique BCI laboratory number, that they had initialed and dated the evidence upon their examination and that the evidence was sealed.
 {¶ 11} Because the trial court's determinations were based on competent, credible evidence, and because the State established with a reasonable certainty that tampering, alteration or substitution did not occur, we find that the trial court did not abuse its discretion in admitting the disputed physical evidence. Accordingly, Appellant's first assignment of error is without merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN FAILING TO DIRECT A VERDICT OF ACQUITTAL AND BY ALLOWING THE VERDICT TO STAND WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 Assignment of Error Number Three
"THE CONVICTION OF APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} In his second and third assignments of error, Appellant has argued that the trial court erred in denying his motion for acquittal, that there was insufficient evidence to convict him and that his conviction was against the manifest weight of the evidence. Specifically, Appellant has argued that the State's failure to properly establish the chain of custody for the physical evidence introduced at trial created reasonable doubt as to whether the items introduced were in fact the items obtained from Appellant during the alleged transactions. We disagree.
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks
(1991), 61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., at paragraph two of the syllabus; see, also, Thompkins,78 Ohio St.3d at 386.
 {¶ 14} In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (Emphasis omitted).
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 16} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 17} As to Appellant's narrow argument that his conviction was against the manifest weight of the evidence because the State had failed to establish proper chain of custody, we find, according to our analysis in assignment of error one, that the State's witnesses adequately testified to the chain of custody and to the validity of the disputed pieces of physical evidence.
 {¶ 18} As to Appellant's general manifest weight challenge, the State presented testimony from four witnesses. Agent Barnhardt testified to the following. On January 24, 2003, Agent Barnhardt contacted Appellant by phone and discussed the purchase of marijuana. Agent Barnhardt went to Appellant's residence, in Lafeyette Township, Medina County, Ohio where Appellant escorted him to a back bedroom. Agent Barnhardt then exchanged $800 of agency funds with Appellant for the two bags of marijuana. Agent Barnhardt's testimony was supported by audio recordings of the conversations.
 {¶ 19} Agent Barnhardt testified that he received a voice mail message from Appellant on February 5, 2003. Agent Barnhardt testified that he returned Appellant's call and Appellant informed him that Appellant could get him two more bags of marijuana for $1,300. Agent Barnhardt contacted Appellant the next day and set up a deal for one pound of marijuana. Agent Barnhardt testified that he went to Appellant's residence where he purchased both the marijuana and 306 anabolic steroid pills from Appellant. The transaction was recorded on audio tape.
 {¶ 20} Brooklynn Riordan ("Riordan"), a forensic scientist for BCI, testified that she performed a microscopic test and a color test on State's Exhibit 6. She testified that the exhibit tested positive for marijuana and weighed "a little over" one quarter pound.
 {¶ 21} Jeffrey Houser ("Houser"), a forensic scientist for BCI, testified that he performed a microscopic test and a chemical test on State's Exhibit 7. He testified the exhibit tested positive for marijuana and weighed "a little shy" of one pound.
 {¶ 22} Laura Risdon ("Risdon"), a forensic scientist, testified that she performed numerous tests on State's Exhibit 8. The exhibit matched the steroid Methandrostenolone. Risdon testified that she counted 306 tablets total.
 {¶ 23} Appellant presented the testimony of two witnesses. Bruce Cunningham, a social friend of Appellant, testified solely to the fact that he had never seen Appellant sell drugs. Andrew Cunningham, a social friend of Appellant, testified that he "wouldn't want to say * * * for sure" whether he recognized any of the voices on Agent Barnhardt's recordings. He also testified that he had never seen Appellant sell drugs.
 {¶ 24} After careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the jury clearly lost its way when it found Appellant guilty of trafficking in marijuana and steroids. The jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's conviction was not against the manifest weight because the jury chose to believe the testimony of Agent Barnhardt and several BCI scientists and not that of Appellant's character witnesses. State v.Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4.
 {¶ 25} Based on the foregoing, this Court cannot find that Appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts, supra at 4. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Accordingly, we find that Appellant's second and third assignments of error are without merit.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION AND FAILING TO PLACE APPELLANT ON COMMUNITY CONTROL."
 {¶ 26} In his fourth assignment of error, Appellant has argued that the trial court erred in sentencing him to incarceration. Specifically, Appellant has argued the trial court erred in failing to impose community control sanctions. We disagree.
 {¶ 27} In general, a reviewing court will not reverse a sentencing decision unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10, citing R.C. 2953.08. See, also, State v. Walizer, 9th Dist. No. 04CA0029, 2004-Ohio-7187, at ¶ 9. Clear and convincing evidence is evidence that produces a "firm belief or conviction as to the allegations sought to be established" in the mind of the trier of facts. State v. Eppinger (2001),91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477.
 {¶ 28} The underlying issue in this assignment of error is whether the trial court should have imposed community control sanctions as opposed to a prison term. When determining whether to impose a prison term in felony drug cases, the trial court must look to the statute which was violated. In the present case, Appellant was convicted of trafficking in marijuana, a fifth degree felony, in violation of R.C.2925.03(A)(1)/(C)(3). Pursuant to R.C. 2925.03(A)(1)/(C)(3)(a), the applicable provision in determining whether to impose a prison sentence is R.C. 2929.13(C). Appellant was also convicted of trafficking in marijuana, a fourth degree felony, in violation of R.C.2925.03(A)(1)(C)(3)(c). Pursuant to R.C. 2925.03(A)(1)/(C)(3)(c), the applicable provision in determining whether to impose a prison sentence is also R.C. 2929.13(C). Finally, Appellant was convicted of trafficking in anabolic steroids, a fourth degree felony, in violation of R.C.2925.03(A)(1)/(C)(2)(c) and R.C. 2923.03(A)(2). Pursuant to this section, when determining whether to impose a prison sentence, there exists a presumption of prison time.
 {¶ 29} R.C. 2929.13(C) requires that the sentencing court comply with the purposes and principles of sentencing under sections 2929.11 and2929.12 of the Revised Code. According to R.C. 2929.11(A) the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. The sentencing court is required to consider the need for incapacitation, deterrence, rehabilitation and restitution. Id. R.C. 2929.11(B) mandates reasonableness in sentencing and requires that the sentence not demean the seriousness of the offense.
 {¶ 30} The sentencing court is also required to consider the seriousness and recidivism factors enumerated in R.C. 2929.12. The trial court "considers whether the defendant is amenable to community control by reviewing the factors contained in R.C. 2929.12(D) and (E) and all other relevant factors." Walizer at ¶ 11. "If appropriate under the circumstances, the trial court is required to impose a sentence of community control. If not, the court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A)." State v. Walton
(Jan. 23, 2002), 9th Dist. No. 3199-M, at 5. "`If the court finds after this review that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term.'" Id. at 4.
 {¶ 31} After a thorough review of the record, we find that the trial court complied with the statutory requirements of R.C. 2929.13(C), 2929.12
and 2929.11. The court reviewed factors such as genuine remorse, recidivism and seriousness of the offense and determined that placing Appellant on community control would demean the seriousness of the offense and inadequately protect the public. The court then found that prison was consistent with the purposes of R.C. 2929.11 and Appellant was not amenable to community control sanctions. Furthermore, Appellant has not established by clear and convincing evidence that the sentencing decision of the trial court was unsupported by the record or contrary to the law.
 {¶ 32} Appellant has also argued that a trial court may not consider testimony from another criminal case when considering a sentence. First, Appellant offers no authority to substantiate this proposition of law. Second, because the trial court's reference to the prior testimony was made in mitigation of the sentence, we find that any resulting error was not prejudicial to Appellant and therefore harmless. See Crim. R. 52(A).
 {¶ 33} Based on the foregoing, Appellant's fourth assignment of error is without merit.
 III {¶ 34} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., Concur