[Cite as *State v. Ellison*, 2013-Ohio-4909.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99422**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON ELLISON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-569137

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

J. Charles Ruiz-Bueno
Charles Ruiz-Bueno Co., L.P.A.
36130 Ridge Road
Willoughby, Ohio   44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brent C. Kirvel
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Brandon Ellison, appeals from his conviction for unlawful sexual conduct with a minor. After a careful review of the record and relevant case law, we affirm his conviction.

## I. Factual and Procedural History

{¶2} On January 30, 2012, appellant was indicted in Cuyahoga C.P. No. CR-556923 on one count of kidnapping in violation of R.C. 2905.01(A)(3); two counts of kidnapping in violation of R.C. 2905.01(A)(4); and three counts of rape in violation of R.C. 2907.02(A)(2). A criminal summons was sent to appellant, but he failed to appear and a capias was issued on February 13, 2012. Appellant was found and an arraignment was held on April 19, 2012, at which point appellant pled not guilty, was found indigent, and was appointed counsel.

{¶3} Appointed counsel immediately had concerns regarding appellant's competency to stand trial. At the request of counsel, the trial court ordered two separate psychiatric evaluations, to be conducted on May 9, 2012, and October 17, 2012. Each psychiatric evaluation found appellant to be sane at the time of the alleged act and competent to stand trial.

{¶4} On November 26, 2012, Cuyahoga C.P. No. CR-556923 was dismissed by the prosecution based on the victim's admission that she had lied about being abducted by appellant. The prosecutor explained that the minor victim admitted to entering appellant's home voluntarily. Based on these new facts, appellant was reindicted in

Cuyahoga C.P. No. CR-569137 on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), both felonies of the fourth degree. Appellant pled not guilty to the new charges and subsequently waived his rights to a jury trial.

{¶5} The matter proceeded to a bench trial on November 26, 2012. At trial, the victim, C.L., testified that at the time of the alleged incident she was 14 years old and was residing with her foster mother, J.C., in Cleveland Heights, Ohio. C.L. testified that on July 4, 2011, she was walking her dog when she encountered appellant on his bicycle. At that time, C.L. asked appellant if she could use his bathroom. C.L. testified that she tied her dog up on appellant's back porch and entered his house to use the bathroom at the kitchen level. When she exited the bathroom, appellant invited C.L. to follow him into the basement to smoke marijuana. C.L. testified that she followed appellant into the basement, but on further thought decided not to smoke marijuana with him. After she declined appellant's invitation, C.L. asked to wash her hands in the basement sink. When she was finished washing her hands, she turned around and saw that appellant had pulled his pants down. C.L. testified that appellant then forced her down and "made [her] perform oral sex on [him]." After performing oral sex, appellant then made C.L. "turn around" and he penetrated her anus with his penis. When appellant was finished, C.L. followed him upstairs, got her dog from the back yard, and ran home to tell her foster mother what had occurred. J.C. immediately contacted the Cleveland Police.

{¶6} The police responded to J.C.'s home, and C.L. was taken in a patrol car to the address where the alleged sexual conduct occurred. Once at appellant's residence,

Officer Falisa Berry spoke briefly with appellant. During that conversation, appellant denied having any female visitors that day. However, appellant's mother, Quovadis Ellison, subsequently confirmed that she recognized C.L. as the young lady who was recently in her house. Thereafter, appellant was arrested, and C.L. was taken to University Hospitals for a rape kit to be done. While at the hospital, C.L. was visited by her social worker and after spending the night at the hospital, C.L. was admitted to Belmont Pines Hospital for approximately three weeks.

{¶7} Detective Craig Schoffstall, of the Cleveland Heights Police Department, testified that he took over as lead detective on this matter for Detective William Stross, who was on medical leave. Detective Schoffstall testified that once he took over the case, he conducted an interview with C.L., at which time she recanted her allegations that she was grabbed from behind and dragged into appellant's home. As a result of that interview, appellant was reindicted on lesser charges. With respect to his investigation in this matter, Detective Schoffstall testified that appellant's date of birth is November 3, 1988, and that he was 22 years old at the time of the offense.

{¶8} Shawn Weiss, DNA analyst at Laboratory Corporation of America ("LabCorp"), testified that he performed the DNA analysis on the various samples submitted to him from the Ohio Bureau of Criminal Identification and Investigation ("BCI"). Weiss testified that in the course of his analysis, he compared the buccal swabs taken from appellant to the anal swabs gathered from C.L. Weiss stated that the comparison revealed that appellant was the major contributor of the sperm fraction on the

anal swabs. Moreover, Weiss testified the probability of selecting another person from the population of unrelated individuals with a DNA profile consistent with that of appellant was one in greater than 6.8 billion.

{¶9} In the midst of trial, an issue was raised relating to the labeling of the DNA sample purportedly taken from appellant during the course of the investigation in this matter. According to the records submitted to BCI and LabCorp, the DNA reference sample submitted for testing was labeled as deriving from an individual named "Brandon C. Lewis," and not Brandon C. Ellison.

{¶10} In an effort to demonstrate that the sample submitted for testing was actually taken from appellant and not some unrelated individual named "Brandon C. Lewis," the state presented the testimony of Officer Brian Ondercin, of the Cleveland Heights Police Department. Officer Ondercin testified that he was present at the time Detective Stross gathered the buccal swab from appellant on July 6, 2011. Furthermore, Officer Ondercin testified that his signature appeared on the form that corresponded to the sample taken from appellant. However, Officer Ondercin admitted that he did not witness Detective Stross label the sealed envelope containing the DNA sample taken from appellant.

{¶11} The state further attempted to establish that the use of the name "Brandon C. Lewis" was the result of a clerical error made by Detective Stross. Christine Hammett of BCI testified that the DNA sample she received from the Cleveland Heights Police Department was labeled as belonging to "Brandon C. Lewis." Hammett testified that, based on the perceived error in the last name, she contacted Detective Stross to clarify the

identity of the DNA sample she was preparing for testing. Hammett testified that Detective Stross had acknowledged that he had made a clerical error in mislabeling the submitted DNA sample as "Brandon C. Lewis" and that the suspect's name was Brandon C. Ellison.

{¶12} At the conclusion of trial, the trial court found appellant guilty on one count of unlawful sexual conduct with a minor. The court dismissed the remaining count. On December 31, 2012, the trial court sentenced appellant to an 18-month term of imprisonment.

{¶13} Appellant now brings this timely appeal, raising three assignments of error for review:

> I. The trial court committed prejudicial error by admitting evidence of DNA identification regarding defendant-appellant.
>
> II. The evidence adduced at trial was insufficient to support a conviction of defendant-appellant.
>
> III. The trial court committed prejudicial error by failing to conduct a competency hearing of defendant-appellant after the commencement of trial.

## II. Law and Analysis

### A. Admission of Hearsay Evidence

{¶14} In his first assignment of error, appellant argues that the trial court committed prejudicial error by admitting incriminating DNA evidence.

{¶15} Generally, evidentiary rulings made at trial rest within the sound discretion of the trial court. *State v. Lundy*, 41 Ohio App.3d 163, 535 N.E.2d 664 (1st Dist.1987);

*State v. Graham*, 58 Ohio St.2d 350, 390 N.E.2d 805 (1979). The term "abuse of discretion" connotes more than an error of judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Evid.R. 901(A) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(B) allows for authentication with testimony that a matter is what it is claimed to be by a witness with knowledge. As the trial court correctly pointed out in this matter, "until [the state] proves this DNA sample came from Brandon Ellison, the same man sitting in this courtroom, all of the DNA testimony was irrelevant other than the fact that they found sperm in the bodily fluids swabbed off of our victim."

{¶17} In the case sub judice, it is undisputed that the rape kit received by BCI scientist Hammett contained a DNA sample labeled "Brandon C. Lewis," as opposed to Brandon C. Ellison. In order to circumvent the labeling error, the state attempted to introduce testimony though Hammett that Detective Stross admitted to mislabeling the DNA sample taken from appellant. Hammett testified that on July 20, 2011, she received an envelope from the Cleveland Heights Police Department containing DNA swabs collected from the oral cavity. The envelope she received documented that the swab was taken from an individual named "Brandon C. Lewis." Hammett indicated that in the course of preparing the samples for testing, she determined that it was necessary to

contact Detective Stross to clarify the discrepancy between the last name found on the envelope containing the DNA swabs and the name listed on the submission sheet that was provided to her in the case file, which contained the name "Brandon C. Ellison." She testified that on July 20, 2011, she contacted Detective Stross by telephone and documented the content of that conversation in a computer log contained within the BCI computer system. The log reflected that she spoke with Detective Stross, that the suspect's name was Brandon Ellison, that the standard submitted was from Brandon Ellison, and that "the incorrect last name [was] a misprint per Stross."

{¶18} Appellant contends that the statements made to Hammett by Detective Stross constituted inadmissible hearsay and that the admission of such hearsay was prejudicial because it was used to establish that the DNA swab tested in this matter was in fact taken from appellant and not some other individual named "Brandon C. Lewis."

{¶19} Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pursuant to Evid.R. 802, hearsay is generally inadmissible unless the declaration is subject to an exception or exclusion to the hearsay rule. *Fackelman v. Micronix*, 8th Dist. Cuyahoga No. 98320, 2012-Ohio-5513, ¶ 17. Here, the trial court, after deliberate discussions with defense counsel and the state on the record, determined that the information documented in Hammett's computer log was admissible as a recorded recollection, as defined under Evid.R. 803(5).

{¶20} Under Evid.R. 803(5), a recorded recollection is

a memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence, but may not itself be received as an exhibit unless offered by an adverse party.

**{¶21}** Here, Hammett's computer log, marked state's exhibit No. 11, clearly constituted hearsay because the computer log was a written out-of-court statement offered for the truth of the matter asserted. Nevertheless, given the circumstances of the log, we find that it was proper for the trial court to find that the computer log qualified as a recorded recollection under the hearsay exception. With that said, however, we find that the trial court failed to address the hearsay-within-hearsay issue presented in this case. Here, the computer log, although admissible pursuant to Evid.R. 803(5), contained out-of-court statements made by Detective Stross, who did not testify at trial and was not subject to cross-examination.

**{¶22}** The state has failed to demonstrate that the statements made by Detective Stross fell within another exception to the rules against hearsay testimony. *See* Evid.R. 805 ("[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules"). Accordingly, we find that the trial court erred in permitting Hammett to testify as to what Detective Stross told her on July 20, 2011.

**{¶23}** Because the state's authentication of the DNA evidence relied solely on the out-of-court statements of Detective Stross, we find that the state failed to sufficiently

establish that the DNA sample tested by LabCorp was, in fact, the sample taken from appellant. We emphasize that our conclusion could have been easily avoided had Detective Stross testified at trial and clarified the likely clerical error he made when labeling the DNA sample taken from appellant on July 6, 2011. *See State v. Engle*, 9th Dist. Wayne No. 05CA0004, 2005-Ohio-4084, ¶ 11 (where the mislabeling of a blood sample was explained by the individual who made the clerical error).

{¶24} Although inadmissible hearsay was before the trier of fact, we must next determine whether such admission was prejudicial to defendant. Since Evid.R. 802 expressly states that "hearsay is not admissible," a trial court's decision to admit hearsay is not governed by the test of abuse of discretion. Instead, errors relating to the trial court's admission of hearsay must be reviewed in light of Evid.R. 103(A) and Crim.R. 52(A), which provide that such errors are harmless unless the record demonstrates that the errors affected a substantial right of the party. *State v. Sorrels*, 71 Ohio App.3d 162, 165, 593 N.E.2d 313 (1st Dist.1991).

{¶25} In *State v. DeMarco*, 31 Ohio St.3d 191, 195, 509 N.E.2d 1256 (1987), the Supreme Court of Ohio held that an error in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction, and that in such cases there must be overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction.

{¶26} As further discussed in appellant's second assignment of error, this court finds that the remaining evidence presented at trial was sufficient to support appellant's

conviction independent of the hearsay testimony. Accordingly, we find that the admission of the hearsay testimony, while error, was harmless beyond a reasonable doubt. *See State v. Kebe*, 8th Dist. Cuyahoga No. 73398, 1998 Ohio App. LEXIS 5410 (Nov. 12, 1998); Crim.R. 52(A).

{¶27} Appellant's first assignment of error is overruled.

### B. Sufficiency of the Evidence

{¶28} In his second assignment of error, appellant argues that his conviction was not supported by sufficient evidence. When a defendant challenges the sufficiency of the evidence, he is arguing that the state presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶29} R.C. 2907.04(A), regarding unlawful sexual conduct with a minor, states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other

person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶30} Under R.C. 2901.22(B), a person is deemed to "have knowledge of circumstances when he is aware that such circumstances probably exist." As to recklessness, the Revised Code provides that "[a] person is reckless with respect to circumstances, when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶31} Here, C.L. testified that on July 4, 2011, she voluntarily followed appellant into his house, where he "made [her] perform oral sex on him" and subsequently "turned [her] around" and penetrated her anus with his penis. The testimony presented at trial established that at the time the sexual conduct occurred, C.L. was 14 years old and appellant was 22 years old. With respect to appellant's awareness of C.L.'s age, we find the testimony of appellant's mother to be significant. At trial, Quovadis Ellison testified that she warned appellant that C.L. was "too young" and that he "better not have anything to do with her." In our view, such testimony was sufficient to show that appellant recklessly disregarded C.L.'s youthful age at the time he engaged in sexual conduct with her. Accordingly, we find that the state presented sufficient evidence to support appellant's conviction for having unlawful sexual conduct with a minor.

{¶32} Appellant's second assignment of error is overruled.

### C. Competency

**{¶33}** In his third assignment of error, appellant argues that the trial court committed prejudicial error by failing to order, sua sponte, a competency hearing after the commencement of trial. Appellate counsel argues that appellant's irrational behavior and demeanor during the trial evidenced his diminished competency over the course of trial.

**{¶34}** Specifically, appellate counsel contends that the following conduct warranted a competency hearing: "(1) appellant appeared to be asleep at trial; (2) appellant began laughing uncontrollably at trial; (3) appellant did not appear to understand his rights at trial; and (4) appellant, during sentencing, did not appreciate that he had been through a trial or that he had been represented by counsel."

**{¶35}** Based on the foregoing conduct, appellate counsel argues that the trial court was provided with good cause to question appellant's competency and thereby erred in failing to order a third competency hearing after witnessing such conduct during trial.

**{¶36}** R.C. 2945.37(B) requires a competency hearing if a request is made before trial. *State v. Were*, 94 Ohio St.3d 173, 761 N.E.2d 591 (2000), paragraph one of the syllabus. But, R.C. 2945.37(B) provides that "if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." Thus, the decision whether to hold a competency hearing once trial has begun is at the court's discretion. *State v. Rahman*, 23 Ohio St.3d 146, 153, 492 N.E.2d 401 (1986).

**{¶37}** The right to a hearing rises to the level of a constitutional guarantee when the record contains sufficient "indicia of incompetency" to necessitate inquiry to insure

the defendant's right to a fair trial. *Were, supra*, at paragraph two of the syllabus. Objective indications such as medical reports, specific references by defense counsel to irrational behavior, or the defendant's demeanor during trial are all relevant in determining whether good cause was shown after the trial had begun. *State v. Chapin*, 67 Ohio St.2d 437, 424 N.E.2d 317 (1981), paragraph one of the syllabus.

{¶38} Although it appears that appellant struggles with some social and emotional issues, the record in this case does not demonstrate that he was suffering from a mental condition that would have caused him to be incapable of understanding the nature and objective of the proceedings against him or that he was not capable of assisting in his defense. In appellant's two previous competency evaluations, he was found to be both competent to stand trial and sane at the time of the incident. After a careful review of the record and the complained-of conduct, we are unable to find that appellant's lack of maturity during the trial proceedings equated to diminished capacity to stand trial. For these reasons, we find no abuse of discretion in the trial court's failure to order a competency evaluation, sua sponte, during trial.

{¶39} Appellant's third assignment of error is overruled.

{¶40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY